



MARGARET HART EDWARDS, Bar No. 65699
PHILIP L. ROSS, Bar No. 90042
KIMBERLY L. OWENS, Bar No. 233185
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
E-Mail: mhedwards@littler.com; plross@littler.com; kowens@littler.com

Attorneys for Defendant
MIRANT CALIFORNIA, LLC

ORIGINAL
FILED
NOV 19 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY MITCHELL, EDDIE WILLIAMS, JR., EDWARD S. MEDINA, and DAVID WALTERS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MIRANT CALIFORNIA, LLC, a Delaware Corp., and Does 1 to 50,

Defendants.

Case No. CV 07 5847 PJH

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(B) (FEDERAL QUESTION)**

San Francisco County Superior Court, Case No. CGC 07-468320




TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant MIRANT CALIFORNIA, LLC hereby removes to this Court the state court action described below.

**PLEADINGS AND PROCEEDINGS TO DATE**

1. On October 17, 2007, a Complaint was filed in the Superior Court of the State of California in and for the County of San Francisco, entitled *Jerry Mitchell, Eddie Williams, Jr., Edward S. Medina and David Walters, individually, and on behalf of all others similarly situated, v. Mirant California, LLC, a Delaware Corporation, and Does 1-50,*, and designated as case number CGC 07-468320. A copy of the Complaint is attached hereto as Exhibit 1.

2. Defendant Mirant California, LLC ("Defendant" or "Mirant") was served with a copy of the Complaint and Summons on October 19, 2007. This Notice of Removal is timely, being filed within 30 days of the date of service as required by 28 U.S.C. § 1446(b). A copy of the Summons that was served on Defendant is attached hereto as Exhibit 2.

3. Defendant also received copies of certain notices and forms from the state court along with the Complaint and Summons. Copies of all notices and forms that Defendant received are attached hereto as Exhibit 3.

4. Defendant has not yet answered or otherwise responded to the Complaint and will do so in federal court in accordance with Federal Rule of Civil Procedure 81(c). Defendant is informed and believes that the aforementioned Complaint, Summons, notices and forms constitute the entire state court case file in this matter.

5. The defendants designated Does 1 to 10 are fictitious defendants. To Defendant's knowledge, they have not been served and thus need not join in the Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves.").

**FEDERAL QUESTION JURISDICTION**

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, and is one that may be removed to this Court by Defendant pursuant to 28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940



U.S.C. Section 1441(b). This action arises under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. Section 185, an act of Congress over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1331, without regard to the amount in controversy. This action is a suit arising under an act of Congress regulating commerce over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1337, without regard to the amount in controversy. Because this action is a suit involving claims of a right arising, if at all, under the laws of the United States, it may be removed to this Court under the provisions of 28 U.S.C. Sections 1441(b) and 1446, without regard to the citizenship or residence of the parties.

7. Removal is based on a claim arising under federal law. Specifically, Plaintiffs' claims directly reference and require substantial interpretation of a disputed term of a collective bargaining agreement ("CBA") between an Employer and a Union. Therefore, the action is preempted by Section 301 of the LMRA, 29 U.S.C. Section 185.

8. A plaintiff cannot avoid a federal forum by "artfully pleading" solely in terms of state law what is, in essence, a federal claim. *Federal Tax Board of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 462 U.S. 1, 22 (1983). Thus, the fact that Plaintiffs have not made specific reference to Section 301 of the LMRA will not preclude removal. *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). The Court may properly look beyond the face of the complaint to determine whether the claims asserted do, in fact, raise claims falling within Section 301 of the LMRA. *Page v. Henry J. Kaiser Co.*, 826 F.2d 857, 860-61 (9th Cir. 1987); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).

9. "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). Section 301 preemption operates in this way. An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940




preemption" doctrine, which provides that the preemptive force of Section 301 of the LMRA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and are removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law"); *Associated Builders & Contractors, Inc. v. Local 302, IBEW*, 109 F.3d 1353, 1356 (9th Cir. 1997).

10. Section 301 provides a basis for federal jurisdiction and authorizes federal courts to develop a federal common law of CBA interpretation. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988); *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 451, 456 (1957); *Local 174, Teamsters of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962). To ensure uniform interpretations of collective bargaining agreements, this federal common law preempts the use of state contract law in CBA interpretation and enforcement. *Lucas Flour Co.*, 369 U.S. at 103-04; *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988).

11. To determine whether a state law claim is preempted by Section 301, courts focus on "whether evaluation of [the state law claim] is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). Any state law claim that is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" is completely preempted by Section 301 of the LMRA. *Lueck*, 471 U.S. at 220; *accord Lingle*, 486 U.S. at 412; *Caterpillar*, 482 U.S. at 394.

12. Although the language of Section 301 references "suits for violation of contracts," the United States Supreme Court has construed Section 301 "quite broadly to cover most state-law actions that require interpretation of labor agreements." *Associated Builders & Contractors*, 109 F.3d at 1356-57. "When resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as preempted by federal labor-contract law." *Lueck*, 471 U.S. at 220. Therefore, Section 301 suits that do not assert breach of a CBA "are nevertheless held preempted because they implicate provisions of the agreement." *Associated*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

 

*Builders & Contractors*, 109 F.3d at 1357. Any application of state law is preempted by Section 301 "if such application requires the interpretation of a collective bargaining agreement." *Lingle*, 486 U.S. at 412.

13. The United States Supreme Court has "construed § 301 of the [LMRA] as not only preempting state law but also authorizing removal of actions that sought relief only under state law." *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6-7 (2003) (citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968)). This holding rests "on the unusually 'powerful' pre-emptive force of § 301." *Id.* An action that arises under Section 301 may be removed to federal court even if the plaintiff has plead a claim for relief and sought a remedy available only under state law.

14. At all relevant times, Defendant Mirant California, LLC ("Defendant" or "Mirant") has been, and is, a corporation engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), 2(7) and 301(a) of the LMRA. 29 U.S.C. §§ 152(2), (6), (7); 185(a). At all relevant times, Mirant has been, and is, engaged in the production and sale of electricity.

15. The International Brotherhood of Electrical Workers, Local 1245 (hereafter referred to as "Local 1245") is, and at all relevant times was, a labor organization in which certain employees of Mirant participate and which exists for the purpose of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work. Local 1245 is the exclusive bargaining representative of a bargaining unit of Mirant employees, which is comprised of all Power Plant Technicians employed at Mirant's Contra Costa, Pittsburg and Potrero Hill Power Plants. Local 1245 is a labor organization within the meaning of Sections 2(5) and 301(a) of the LMRA. 29 U.S.C. §§ 152(5), 185(a).

16. At all relevant times during their employment with Mirant, Plaintiffs Jerry Mitchell, Eddie Williams, Jr., Edward S. Medina, and David Walters (collectively "Plaintiffs") have been, are and/or were employed by Mirant as Power Plant Technicians at Mirant's Contra Costa, Pittsburg or Potrero Hill Power Plants. (Complaint, ¶¶ 5-8.) In this action, they seek to represent a class of all Mirant employees who were or are classified as Power Plant Technicians, excluding maintenance employees. (Complaint, ¶¶ 12, 21.) Therefore, Plaintiffs and all potential class



LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

members are members of the unit that is represented by Local 1245 for purposes of collective bargaining.

17. At all relevant times, the terms and conditions of Plaintiffs' and all putative class members' employment with Mirant have been governed by a series of collective bargaining agreements entered into between Mirant and Local 1245. In the Complaint, Plaintiffs expressly acknowledge that a CBA governed the terms and conditions of their employment with Mirant at all relevant times. The Complaint states: "During the four years preceding the filing of this complaint, and continuing into the present time, Plaintiffs and the Class have worked subject to a collective bargaining agreement dated November 1, 2000 . . . and a subsequent collective bargaining agreement dated November 1, 2005 . . . ." (Complaint, ¶ 20.) A true and correct copy of the November 1, 2005 CBA is attached hereto as Exhibit 4.

18. In this action, Plaintiffs assert five causes of action, all of which relate to their claim that Mirant did not provide them with meal and rest periods in compliance with California law. Resolution of these claims will require substantial interpretation of the CBA.

19. Throughout the Complaint, Plaintiffs refer extensively to the CBA between Mirant and Local 1245. (Complaint, ¶¶ 20, 24, 37, 48.) Plaintiffs allege that Section 16.5 of the CBA "demonstrates that the policy and practice of MIRANT has been to require Plaintiffs and the Class to work 'on duty' meal periods." (Complaint, ¶ 20.) Section 16.5 of the CBA states in full:

> A Shift employee works a job that is staffed with a rotating twenty-four (24) hour per day shift, on a seven (7) day a week basis, including holidays. Time to consume meals for shift employees shall be considered as time worked. Meals will be taken at the work station or as directed by the Supervisor.

(Exh. 4, p. 12.) The CBA must be interpreted to determine whether Section 16.5 applies to Plaintiffs and/or any members of the putative class, which depends upon whether each is a "[s]hift employee" within the meaning of the CBA. In addition, whether Section 16.7 complies with California law and whether Section 16.5 demonstrates that Mirant's policy and practice has been to require on duty meal periods are questions requiring interpretation of the CBA.

20. Plaintiffs also allege that Section 16.7 of the CBA "demonstrates that it has been the policy and practice of MIRANT that the only rest periods to be taken by the Class are

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940



unlawful 'on duty' breaks." (Complaint, ¶ 24.) Section 16.5 of the CBA provides: "Each employee shall be allowed a ten-minute paid break to be taken at his or her workstation in each half of a workday that equals four or more hours." (Exh. 4, p. 12.) Whether Section 16.7 complies with California law and whether Section 16.7 demonstrates that Mirant's policy and practice has been to only allow unlawful on duty breaks are also questions requiring interpretation of the CBA.

21. Contrary to Plaintiffs' interpretation of Section 16.5 of the CBA, Mirant asserts that the proper interpretation of Section 16.5 is not that Mirant has required employees to work on duty meal periods, but that Local 1245 has executed a valid and lawful agreement on behalf of employees that allows on duty meal periods. A CBA may lawfully require on duty meal periods if (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the CBA contains a written agreement for "an on-the-job paid meal period." IWC Wage Order 1, Section 11(C). A fundamental policy of federal labor law requires that a labor organization that is "designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes shall be the <u>exclusive representative[]</u> of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment . . . ." 29 U.S.C. § 159(a) (emphasis added). This policy of exclusive representation requires that a CBA take precedence over any conflicting individual contract of employment and extinguishes an individual employee's power to order his own relations with his employer. *J.I. Case Co. v. NLRB*, 321 U.S. 332 (1944); *NLRB v. Allis-Chalmers Mfg. Co.*, 388 U.S. 175, 180 (1967). The exclusive representative has the power to act in the interests of all employees. *Id.* at 180. Therefore, a union may act on behalf of its members in entering on duty meal period agreements or other agreements that are permitted under the California Labor Code. *Porter v. Quillin*, 123 Cal. App. 3d 869 (1981) (holding that a labor organization may provide consent on a collective basis to providing meals to employees as part of their minimum wage where such a practice is prohibited under California law absent "specific and voluntary employee consent"); *DLSE v. Williams*, 121 Cal. App. 3d 302 (1981) (holding that arbitrator's finding that a CBA contained an agreement to credit meals towards the minimum wage constituted a finding of voluntary written agreement by the employees); DLSE, *Enforcement Policies and*



LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940





*Interpretations Manual*, § 45.2.4.2 ("California law has always allowed a union, as the collective bargaining representative, to act on behalf of its members where such waiver is allowed."). Whether Section 16.5 of the applicable CBA or any other agreement between Mirant and Local 1245 constitutes a valid agreement for an on duty meal period requires interpretation of the CBA.

22. If Section 16.5 or any other agreement between Mirant and Local 1245 constitutes a valid agreement for an on duty meal period, then Plaintiffs are not entitled to any premium pay under California Labor Code Section 226.7 or any other restitution, damages or penalties for alleged meal period violations. Where a statutory right depends upon the interpretation of a CBA, Section 301 preemption applies. *See, e.g., Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 768-69 (2003) (holding that claim for unpaid wages under California Labor Code Section 204 was preempted under Section 301 because whether the plaintiff was entitled to additional wages required interpretation of CBA); *Tifft v. Commonwealth Edison Co.*, 366 F.3d 513, 519-520 (7th Cir. 2004) (holding that action under state law was preempted because whether the CBA "properly incorporated the directives" of the state law and whether the defendants violated the state law would require "more than mere reference" to the CBA); *Vera v. Saks & Co.*, 335 F.3d 109, 115 (2d Cir. 2003) (holding that action alleging unlawful wage violations under state law was preempted because the court had to interpret the CBA "to determine whether it embodies an agreement between the parties to alter the common law rule regarding when commissions are earned"); *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1066 (9th Cir. 2000); *Firestone v. S. Cal. Gas Co.*, 281 F.3d 801, 802 (9th Cir. 2002) (holding that Section 301 preempts claims for overtime pay under state law where resolution of claims cannot be decided by mere reference to unambiguous terms in the agreement); *Atchley v. Heritage Cable Vision Assoc.*, 101 F.3d 495, 500 (7th Cir. 1996) (holding that claim that bonus was not timely paid under state law was preempted by Section 301 because an interpretation of the CBA was required to determine the date when the bonus was owed). Because the resolution of Plaintiffs' claims requires an interpretation of the applicable CBA, this action is preempted by Section 301 and the body of federal common law developed to interpret CBAs. Therefore, the action is properly removed to this Court.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

**SUPPLEMENTAL JURISDICTION**

23. Defendant asserts that each and every claim in the Complaint requires an interpretation of the CBA. Thus, each and every claim arises under Section 301 and is within the original jurisdiction of this Court. However, should the Court find that any claim does not arise under Section 301, the Court may exercise supplemental jurisdiction over all such claims, if any, because they are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

**VENUE**

24. This action is now pending in Superior Court of the State of California, County of San Francisco, and thus is properly removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. Section 1441(a).

**INTRA-DISTRICT ASSIGNMENT**

25. Pursuant to 28 U.S.C. Section 1441(a) and Northern District Local Rule 3-2, this action is properly assigned to the San Francisco Division because Defendant is informed and believes that at least some of the actions that allegedly gave rise to the Complaint occurred in the City and County of San Francisco.

WHEREFORE, Defendant Mirant prays that the above action now pending in the Superior Court for the State of California, County of San Francisco, Case Number CGC 07-468320, be removed to this Court.

In addition, should the Court be inclined to remand this action for any reason, Defendant respectfully requests that the Court issue an order to show cause why the case should not be remanded, giving Defendant (as well as Plaintiffs) an opportunity to present proper briefing and





argument before any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

Dated: November 19, 2007

MARGARET HART EDWARDS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
MIRANT CALIFORNIA, LLC

Firmwide:83538294.5 049353.1002

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940