# EXHIBIT # 1

1   CHAVEZ & GERTLER LLP
    JONATHAN E. GERTLER (Bar No. 111531)
2   42 Miller Avenue, Mill Valley, CA 94941
    Tel: (415) 381-5599 Fax: (415) 381-5572
3

4   LAW OFFICE OF DANIEL B. SIEGEL
    DANIEL B. SIEGEL (State Bar No. 160742)
5   2418 Woolsey Street
    Berkeley, CA 94705
6   Telephone: (510) 684-5580
    Facsimile: (510) 540-5840
7

8   Attorneys for Plaintiffs Jerry Mitchell,
    Eddie Williams, Jr., Edward S. Medina,
9   David Walters and the Proposed Plaintiff Class

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                            COUNTY OF SAN FRANCISCO

12                              UNLIMITED JURISDICTION

13

14  JERRY MITCHELL, EDDIE WILLIAMS,      )   Case No. CGC07- 468320
    JR., EDWARD S. MEDINA, and DAVID      )
15  WALTERS, individually, and on behalf of )   CLASS ACTION
    all others similarly situated,          )
16                                          )   COMPLAINT FOR FAILURE TO
                                            )   PROVIDE REQUIRED MEAL
17              Plaintiffs,                  )   PERIODS (Ca.Lab.C. §§ 226.7, 512);
                                            )   FAILURE TO PROVIDE REQUIRED
18       vs.                                )   REST PERIODS (Ca.Lab.C. § 226.7);
                                            )   RECOVERY OF WAITING TIME
19                                          )   PENALTIES (Ca.Lab.C. § 203);UNFAIR
    MIRANT CALIFORNIA LLC, a Delaware       )   AND UNLAWFUL BUSINESS
20  Corporation, and DOES 1 to 50,          )   PRACTICES (Cal. Bus. & Profs. C.
                                            )   §17200); AND DECLARATORY RELIEF
21              Defendants                   )
                                            )   DEMAND FOR JURY TRIAL
22                                          )
                                            )
23  _____ )

24

25

26

27

28
                                    COMPLAINT FOR FAILURE TO PROVIDE
                                    REQUIRED MEAL & BREAK PERIODS, ETC.

FILED
San Francisco County Superior Court

OCT 17 2007

GORDON PARK-LI, Clerk
BY: _____
        Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

SUMMONS ISSUED MAR 2 1 2008 -9:00 AM

DEPARTMENT 212

BY FAX

 

1    Plaintiffs JERRY MITCHELL, EDDIE WILLIAMS, JR., EDWARD S. MEDINA

2   and DAVID WALTERS ("Plaintiffs"), individually and on behalf of all others similarly

3   situated, hereby complain against Defendant MIRANT CALIFORNIA LLC ("MIRANT" or

4   "Defendant") and Does 1 through 50, inclusive, (collectively, "Defendants") and, on

5   information and belief, allege as follows:

6                           **PRELIMINARY STATEMENT**

7         1.    This class action seeks to remedy Defendant MIRANT's violations of

8   California Labor Code and California Industrial Welfare Commission Order ("Wage

9   Order") provisions requiring "off duty" meal periods and rest periods. MIRANT, who has

10  employed Plaintiffs as operators at the Potrero, Contra Costa, and Pittsburg Power Plants,

11  regularly and systematically has required, encouraged, and/or permitted Plaintiffs and members

12  of the Class to work "on duty" meal periods and rest periods, in violation of the California Labor

13  Code and applicable Wage Orders. Plaintiffs seek declaratory and injunctive relief,

14  restitution, compensatory damages, penalties, interest, and attorneys' fees, costs and

15  expenses.

16                          **JURISDICTION AND VENUE**

17        2.    The Court has jurisdiction over Plaintiffs' claims because the acts and

18  omissions complained of occurred at workplaces owned and operated by MIRANT in

19  California, and each of the Plaintiffs is a resident of California.

20        3.    Venue is proper in San Francisco County in that while defendant MIRANT

21  does business in the State of California, Defendant MIRANT has not designated with the

22  California Secretary of State a principal place of business within the State of California

23  pursuant to Corporations Code § 2105(a)(3). Accordingly, Defendant MIRANT may be sued

24  in any county in the State of California, including the County of San Francisco. Venue also

25  is proper in San Francisco County in that Defendant MIRANT committed some of the

26  wrongful acts alleged herein at the Potrero Power Plant in San Francisco, which Defendant

27  MIRANT owns and operates.

28        4.    The San Francisco County Superior Court also has jurisdiction because the

                                        1

                                        COMPLAINT FOR FAILURE TO PROVIDE
                                        REQUIRED MEAL & BREAK PERIODS, ETC.




1  individual claims of the members of the class herein are under the seventy five thousand
2  dollar ($75,000) jurisdictional threshold for Federal Court. Furthermore, there is no federal
3  question at issue. Finally, the aggregate amount in controversy is less than five million
4  dollars ($5,000,000.00).

**PARTIES**

5
6       5.    Plaintiff JERRY MITCHELL is an individual over the age of eighteen (18) and
7  at all relevant times, was a resident of the State of California. Plaintiff MITCHELL has
8  been a power plant operator at the Pittsburg Power Plant in Pittsburg, California since on or
9  about August 2001. Throughout the class period, Plaintiff MITCHELL has been classified
10 by MIRANT as a Power Plant Technician IV.

11      6.    Plaintiff EDDIE WILLIAMS, JR. is an individual over the age of eighteen (18)
12 and at all relevant times, was a resident of the State of California. Plaintiff WILLIAMS has
13 been a power plant operator at the Contra Costa Power Plant, located in Antioch,
14 California, since on or about July 2001. Throughout the class period, Plaintiff WILLIAMS
15 has held the job classification of Power Plant Technician IV.

16      7.    Plaintiff EDWARD S. MEDINA is an individual over the age of eighteen (18)
17 and at all relevant times, was a resident of the State of California. Plaintiff MEDINA has
18 been a power plant operator at the Contra Costa Power Plant, located in Antioch,
19 California, for the past 35 years. Throughout the class period, Plaintiff MEDINA has held
20 the job classification of Power Plant Technician IV.

21      8.    Plaintiff DAVID WALTERS is an individual over the age of eighteen (18)
22 and at all relevant times, was a resident of the State of California. Plaintiff WALTERS has
23 been a power plant operator at the Potrero Power Plant, located in San Francisco,
24 California, since 1984. Throughout the class period, Plaintiff WALTERS has held the job
25 classification of Power Plant Technician IV.

26      9.    Defendant MIRANT is a corporation organized under Delaware law and
27 licensed or registered to conduct business in the State of California. MIRANT has owned
28 and/or operated the Potrero, Contra Costa, and Pittsburg Power Plants since on or about 1999.

2

10.    Plaintiffs do not know the true names and capacities of Defendants sued herein as DOES 1-50 and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and on that basis alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and thereby proximately caused Plaintiffs' injuries alleged herein.

11.    Plaintiffs are informed and believe and on that basis allege that at all relevant times each of the Defendants was the agent or employee of each of the remaining Defendants, and in doing the things herein alleged was acting within the course and scope of such agency or employment, and that Defendants authorized, ratified, and approved, expressly or impliedly, all of the conduct herein alleged.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiffs bring this action for violations of California's Wage and Hour Law as a class action, pursuant to Code of Civil Procedure § 382 and Business & Professions Code § 17200, on behalf of themselves and all others similarly situated who were or are classified as Power Plant Technicians, excluding maintenance employees, at the Potrero, Contra Costa, and Pittsburg Power Plants, at any time during the period from four years preceding the filing of this complaint and continuing into the present time, and who were denied statutorily mandated "off duty" meal periods and rest periods during that period. The Power Plant Technicians at the three power plants have the following levels: Level 1, Level 2, Level 3 and Level 4, with Level 4 the most senior.

13.    Common questions of law and fact exist as to members of the Class that include, but are not limited to, the following:

(a)    Whether MIRANT has required, encouraged, and/or permitted members of the Class to work "on duty" meal periods when "off duty" meal periods were required by the State of California;

(b)    Whether MIRANT has required, encouraged, and/or permitted members of the Class to work "on duty" rest periods when "off duty" rest periods

3

 

1    were required by the State of California;

2        (c)    Whether MIRANT has failed to pay all earned wages owed for the

3    failure to provide required meal periods and rest periods at the time of termination

4    of employment; and

5        (d)    Whether MIRANT has engaged in unfair competition proscribed by

6    Business & Professions Code § 17200 by engaging in the conduct described

7    hereinabove as to members of the Class.

8        (e)    Whether MIRANT should be enjoined from continuing to deprive

9    members of the Class of legally required meal periods and rest periods.

10       14.    Plaintiffs' claims are typical of the claims of the Class that Plaintiffs seek to

11   represent.  Plaintiffs and members of the Class have been denied "off duty" meal periods

12   and rest periods required by California law.  Plaintiffs and members of the Class have not

13   been paid all earned wages owed as a result of the denial of "off duty" meal periods and rest

14   periods.

15       15.    The potential quantity of members of the Class is so numerous that

16   joinder of all members would be unfeasible and impractical. The disposition of their claims

17   through this class action will benefit both the parties and the Court.  The exact number

18   of members is unknown to Plaintiffs at this time; however, at any given time, each of the

19   three power plants operated by Defendants employed at least 56 Power Plant Technicians,

20   excluding maintenance employees, and it is estimated that the class size includes over 80

21   individuals who are geographically dispersed among two counties.  The number and

22   identity of the proposed Class members are readily ascertainable through inspection of

23   Defendants' records.

24       16.    Plaintiffs will fairly and adequately represent and protect the interests of the

25   members of the Class.  Plaintiffs have retained and are represented by counsel competent and

26   experienced in complex class action litigation, including Wage and Hour class actions.

27       17.    The nature of this action and the nature of laws available to Plaintiffs

28   make use of the class action format the superior and appropriate procedure to afford relief for

4




1   the wrongs alleged herein.

2               FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

3       18.    MIRANT has failed to provide Plaintiffs and the Class with statutorily

4   mandated meal periods under Labor Code §§ 226.7(a) and 512(a), and Wage Order No. 1-

5   2001 (8 Cal. Code Regs § 11010(11)).

6       19.    During the four years preceding the filing of this complaint, and continuing

7   into the present time, Plaintiffs and the Class usually worked 12 hour shifts and were

8   therefore entitled to two thirty minute "off duty" meal periods each shift. However,

9   MIRANT has required, encouraged and/or permitted Plaintiffs and members of the Class

10  to work "on duty" meal periods, in which they have been required to remain at their

11  stations, continue to monitor alarms and equipment, and otherwise continue most of their

12  work and responsibilities during any brief periods when they could eat some food. These

13  "on duty" meal periods have been much shorter than the required 30 minutes. The Class

14  has not been permitted to leave the worksite, let alone their work stations, during any meal

15  periods.

16      20.    During the four years preceding the filing of this complaint, and continuing

17  into the present time, Plaintiffs and the Class have worked subject to a collective

18  bargaining agreement dated November 1, 2000 ("November 1, 2000 CBA") and a

19  subsequent collective bargaining agreement dated November 1, 2005 ("November 1, 2005

20  CBA"). Both the November 1, 2000 CBA and November 1, 2005 CBA state in section

21  16.5 that "[t]ime to consume meals for shift employees shall be considered as time

22  worked" and "[m]eals will be taken at the work station or as directed by the Supervisor."

23  It is well established that a CBA cannot waive statutorily mandated minimum rights of

24  employees, including the required meal periods required under California law. The CBA

25  demonstrates that the policy and practice of MIRANT has been to require Plaintiffs and

26  the Class to work "on duty" meal periods.

27      21.    The Class consists of all levels of Power Plant Technicians at the Potrero,

28  Contra Costa, and Pittsburg Power Plants, excluding maintenance employees, who since

5

 

1  four years preceding the filing of this complaint, have been denied required "off duty"

2  meal periods and rest periods by MIRANT.

3      22.    MIRANT failed, and continues to fail, to provide Plaintiffs and the Class

4  with statutorily mandated rest periods under Labor Code § 226.7 and Wage Order No. 1-

5  2001 (8 Cal. Code Regs § 11010(12)(A)).

6      23.    During the four years preceding the filing of this complaint, Plaintiffs and

7  the Class usually have worked shifts of 12 hours or longer, and were therefore entitled to

8  three "off duty" rest periods per shift.  MIRANT has failed to provide Plaintiffs and the

9  Class with rest periods in which they were relieved of all duty for 10 minutes.  Instead,

10  Plaintiffs and the Class have taken virtually no breaks, let alone required breaks of 10

11  minutes at one time, as they have been required to continue monitoring alarms and

12  equipment at all times (other than a few minutes to use the rest room).  No break room has

13  been provided for use by Plaintiffs and the Class.

14      24.    Both the November 1, 2000 CBA and November 1, 2005 CBA state in

15  section 16.7 that an employee's rest periods are "to be taken at his or her workstation . . .

16  ."  This demonstrates that it has been the policy and practice of MIRANT that the only

17  rest periods to be taken by the Class are unlawful "on duty" breaks.

18      25.    Plaintiffs and members of the Class are non-exempt employees under the

19  laws of the State of California.

20      26.    MIRANT has failed to pay all earned wages owed to Plaintiffs and members

21  of the Class for the missed meal periods and rest periods under Labor Code § 226.7(b) and

22  Section 11(D) and 12(B) of Wage Order 1-2001 (8 Cal. Code Regs. §§ 11010(11)(D),

23  11010(12)(B)).  Plaintiffs and the Class were and are entitled to an hour of pay at their

24  regular rate for each day with a meal period violation as well as an additional hour of pay at

25  their regular rate for each day with a rest period violation.  Plaintiffs and the Class have not

26  received any such payments from MIRANT.  MIRANT has willfully failed to pay these

27  wages owed to Plaintiffs at the time of termination of employment, in violation of Labor

28  Code §§ 201, 202, and 203.

6

 

27.    Members of the Class who are no longer employed by MIRANT are entitled to penalties pursuant to California Labor Code § 203, in the amount of each person's daily wage multiplied by thirty (30) days.

28.    The practices of MIRANT in failing to provide required "off duty" meal periods and rest periods, and failing to pay all earned wages at the time of termination of employment, are substantially similar for all Plaintiffs and the Class, if not identical.

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE REQUIRED MEAL PERIODS
**(California Labor Code §§ 226.7(a), 512(a), 516; 8 Cal. Code Regs. § 11010(11))**

29.    Plaintiffs incorporate each of the foregoing paragraphs as though fully set forth herein.

30.    California Labor Code section 516 authorizes California's Industrial Welfare Commission to "adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers." California Labor Code section 226.7(a) states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

31.    California Labor Code section 512(a) states that:

> an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employee only if the first meal period was not waived.

California Labor Code section 512(a).

32.    The IWC has issued various Wage Orders pursuant to Labor Code section 516 and other Labor Code sections. These include Wage Order No. 1-2001, which regulates the "Manufacturing Industry," which includes the production of commodities such as electricity. 8 Cal. Code Regs. § 11010.

7

 

33.   Section 11 of Wage Order 1-2001 (8 Cal. Code Regs. § 11010(11))
establishes the meal period requirements:

> (A) No employer shall employ any person for a work period of more than five (5)
>     hours without a meal period of not less than 30 minutes . . .
> (B) An employer may not employ an employee for a work period of more than ten
>     (10) hours per day without providing the employee with a second meal period
>     of not less than 30 minutes . . .
> (C) Unless the employee is relieved of all duty during a 30 minute meal period,
>     the meal period shall be considered an "on duty" meal period and counted as
>     time worked . . . .

34.   In an opinion letter dated September 4, 2002, the Division of Labor
Standards Enforcement ("DLSE") stated that the meal period must be an off-duty meal
period, during which time the employee: 1) is not required to work, 2) is not suffered or
permitted to work, 3) is not subject to the control of the employer so as to be free to leave
the employer's premises and attend to his/her own personal affairs, 4) for a minimum of
thirty minutes.  If any of these requirements are not met, the meal period is treated as
"hours worked."

35.   Section 11(D) of the Wage Order (8 Cal. Code Regs. § 11010(11)(D))
provides that "[i]f an employer fails to provide an employee a meal period in accordance
with the applicable provisions of this order, the employer shall pay the employee one (1)
hour of pay at the employee's regular rate of compensation for each workday that the meal
period is not provided."

36.   California Labor Code section 226.7(b) states that "[I]f an employer fails to
provide an employee a meal period or rest period in accordance with an applicable order of
the Industrial Welfare Commission, the employer shall pay the employee one additional
hour of pay at the employee's regular rate of compensation for each work day that the meal
or rest period is not provided."

37.   During the three years preceding the filing of this complaint, and
continuing into the present time, Plaintiffs and the Class almost always have worked shifts
of 12 hours or longer.  Plaintiffs and the Class have been entitled to two "off duty" meal
periods of 30 minutes each per shift.  However, MIRANT has failed to provide Plaintiffs

8



1  and the Class with meal periods in which they were relieved of all duty for 30 minutes.

2  Instead, Plaintiffs and the Class have had to eat in far less than thirty minutes, while

3  working at their stations, monitoring and responding to equipment alarms.  Further, the

4  November 1, 2000 CBA and November 1, 2005 CBA state that it has been the policy and

5  procedure of MIRANT that Plaintiffs and the Class eat "at the work station" and that such

6  time was "time worked."  Plaintiffs and the Class have therefore unlawfully been denied

7  their statutorily mandated "off duty" thirty minute meal periods.

8          38.      Under Wage Order 1-2001, section 11(B) at 8 Cal. Code Regs. §

9  11010(11)(D), and Labor Code section 226.7(b), Plaintiffs and the Class are entitled to one

10  hour of pay at their regular rate for each of their workdays during the past 3 years, as they

11  were always denied their "off duty" 30 minute meal periods, and it has been established by

12  the California Supreme Court that this payment is compensation and not a penalty.

13          39.      As a proximate result of the conduct of MIRANT, Plaintiffs and members of the

14  Class have suffered damages, including an hour of pay for each workday not paid, in an

15  amount to be proven at trial.

16          40.      Plaintiffs and members of the Class request interest on all payments owed for

17  missed meal periods, pursuant to Labor Code section 218.6.

18          41.      Plaintiffs request an award of attorneys' fees, costs, and expenses, pursuant to

19  Labor Code § 218.5 or 1194.

20          WHEREFORE, Plaintiffs pray for relief as set forth below.

21                          **SECOND CAUSE OF ACTION**
                   **FAILURE TO PROVIDE REQUIRED REST PERIODS**
22                 **(Labor Code §§ 226.7, 516,  8 Cal. Code Regs. § 11010(12))**

23          42.      Plaintiffs incorporate each of the foregoing paragraphs as though fully set forth

24  herein.

25          43.      California Labor Code section 516 authorizes California's Industrial Welfare

26  Commission to "adopt or amend working condition orders with respect to break periods,

27  meal periods, and days of rest for any workers in California consistent with the health and

28  welfare of those workers."  California Labor Code section 226.7(a) states that "no employer

                                          9



1    shall require any employee to work during any meal or rest period mandated by an

2    applicable order of the Industrial Welfare Commission."

3        44.    The IWC has issued various Wage Orders pursuant to Labor Code section

4    516 and other Labor Code sections. These include Wage Order No. 1-2001, which

5    regulates the "Manufacturing Industry," which includes the production of commodities

6    such as electricity. 8 Cal. Code Regs. § 11010.

7        45.    Section 12(A) of the Wage Order (8 Cal. Code Regs. § 11010(12)(A)) sets

8    the rest period requirement:

9        Every employer shall authorize and permit all employees to take rest periods,
         which insofar as practicable shall be in the middle of each work period. The
10       authorized rest period time shall be based on the total hours worked daily at the
         rate of ten (10) minutes net rest time per four (4) hours or major fraction
11       thereof. . .

12       46.    The Wage Order (8 Cal. Code Regs. § 11010(12)(B)) requires that "if an

13   employer fails to provide an employee a rest period in accordance with the applicable

14   provisions of this order, the employer shall pay the employee one (1) hour of pay at the

15   employee's regular rate of compensation for each work day that the rest period is not

16   provided."

17       47.    California Labor Code section 226.7(b) states that "If an employer fails to

18   provide an employee a meal period or rest period in accordance with an applicable order of

19   the Industrial Welfare Commission, the employer shall pay the employee one additional

20   hour of pay at the employee's regular rate of compensation for each work day that the meal

21   or rest period is not provided."

22       48.    During the three years preceding the filing of this complaint, and continuing

23   into the present time, Plaintiffs and the Class have almost always have worked shifts of 12

24   hours or longer. Plaintiffs and the Class have therefore been entitled to three "off duty" rest

25   periods of 10 minutes each per shift. MIRANT has failed to provide Plaintiffs and the

26   Class with rest periods in which they are relieved of all duty for 10 minutes. Instead,

27   Plaintiffs and the Class have taken virtually no "off duty" breaks, let alone breaks of 10

28   minutes at one time, as they have been required to continue monitoring and responding to

 

1  alarms and equipment at all times.  The November 1, 2000 CBA and November 1, 2005

2  CBA states that it was the policy and procedure of MIRANT that Plaintiffs and the Class

3  take any break "at his or her workstation."  Plaintiffs and the Class have therefore been

4  unlawfully denied their statutorily mandated "off duty" 10 minute rest periods.

5       49.    As a proximate result of the conduct of MIRANT, Plaintiffs and said members

6  of the Class have suffered damages, including an hour of pay for each workday not paid, in

7  an amount to be proven at trial.

8       50.    Plaintiffs and said members of the Class are entitled to interest on all payments

9  owed for missed meal periods, pursuant to Labor Code section 218.6.

10      51.    Plaintiffs request an award of attorneys' fees, costs, and expenses, pursuant to

11  California Labor Code § 218.5.

12      WHEREFORE, Plaintiffs pray for relief as set forth below.

13           **THIRD CAUSE OF ACTION**
14      **RECOVERY OF WAITING TIME PENALTIES**
            **(California Labor Code §§ 203)**

15      52.    Plaintiffs incorporate each of the foregoing paragraphs as though fully set forth

16  herein.

17      53.    California Labor Code § 203 provides that if an employer willfully fails to

18  pay, without abatement or reduction, in accordance with California Labor Code §§ 201,

19  201.5, 202 and 205.5, any wages of an employee who is discharged or who resigns,

20  the wages of the employee shall continue as a penalty from the due date thereof at the same

21  rate until paid up to a maximum of thirty (30) days.

22      54.    MIRANT has had a consistent and uniform policy, practice and procedure of

23  willfully failing to pay the earned and unpaid wages of its employees owed for missed

24  meal periods and rest periods at the termination of their employment, in violation of

25  California Labor Code §§ 201 and 202.

26      55.    Certain members of the Class are no longer still employed by MIRANT, in

27  that they were either discharged from or quit MIRANT's employ.

28      56.    MIRANT has willfully failed to pay said members of the Class a sum certain

                                 11

 

1    for earned wages, at the time of their termination or within seventy-two (72) hours of their

2    resignation, and failed to pay those sums for thirty (30) days thereafter.

3        57.     MIRANT has willfully failed to pay said members of the Class who left the

4    employ of MIRANT, in that MIRANT knew wages were due, but nevertheless failed to

5    pay them.

6        58.     Members of the Class who have left the employ of MIRANT are entitled to

7    penalties pursuant to California Labor Code § 203, in the amount of each person's daily

8    wage multiplied by thirty (30) days.

9        WHEREFORE, Plaintiffs pray for relief as set forth below.

10                       **FOURTH CAUSE OF ACTION**
**UNFAIR COMPETITION – UNFAIR AND UNLAWFUL BUSINESS PRACTICES**

11                  (California Business & Professions Code § 17200)

12        59.     Plaintiffs incorporate each of the foregoing paragraphs as though fully set forth

13    herein.

14        60.     The Unfair Competition Law ("UCL"), California Business & Professions

15    Code § 17200, et seq., defines unfair competition to include, inter alia, any unfair or

16    unlawful business act or practice. The UCL provides that a Court may enjoin acts of unfair

17    competition, and order restitution to affected members of the public.

18        61.     During the four years preceding the filing of this complaint, MIRANT has

19    engaged in unlawful business practices and acts proscribed by California Business and

20    Professions Code § 17200, et seq., including the practices alleged herein.

21        62.     Those unlawful practices and acts include:

22        (a)     MIRANT has failed to provide Plaintiffs and the Class with meal

23    periods in which they were relieved of all duty for 30 minutes, in violation of

24    California Labor Code §§ 226.7 and 516 and applicable Wage Orders, including

25    without limitation Wage Order 1-2001(11)(A); and

26        (b)     MIRANT has failed to provide Plaintiffs and the Class with rest

27    periods in which they were relieved of all duty for 10 minutes, in violation of Labor

28    Code §§ 226.7 and 516 and applicable Wage Orders, including without limitation

12

 

Wage Order 1-2001(12)(A).

63.    The business acts and practices of MIRANT as hereinabove alleged were unlawful because, for the reasons set forth above, said acts and practices violate explicit provisions of the California Labor Code and/or Wage Orders, including without limitation Wage Order 1-2001. MIRANT has obtained a significant competitive advantage, and engaged in unfair competition, through their acts and practices of obtaining employee labor without providing statutorily mandated 30 minute "off duty" meal periods and 10 minute rest periods.

64.    Plaintiffs and members of the Class are entitled to restitution in the amounts of all earned wages unpaid by MIRANT.

65.    The unlawful business acts and practices of MIRANT described herein present a continuing threat to members of the general public in that MIRANT is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court. On behalf of all others similarly situated, Plaintiffs request that such injunction be issued.

66.    On behalf of all others similarly situated, Plaintiffs further request that the Court issue an interim order requiring MIRANT to advise all class members of their rights pursuant to the California Labor Code and Wage Orders.

67.    On behalf of all others similarly situated, Plaintiffs further request a declaration as to the respective rights, remedies, and obligations of the parties, and establishment of a post-judgment reference proceeding to identify, locate and fully reimburse all affected employees all monies due to them.

68.    On behalf of all others similarly situated, Plaintiffs further request that the Court enforce the penalty provision of Labor Code § 203, pursuant to Business and Professions Code § 17202, which provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

69.    Plaintiffs request an award of attorneys fees, costs and expenses pursuant to

13

 

1  Code of Civil Procedure § 1021.5 and as otherwise permitted by statute.

2      WHEREFORE, Plaintiffs pray for relief as set forth below.

### FIFTH CAUSE OF ACTION
### DECLARATORY RELIEF

5      70.   Plaintiffs incorporate each of the foregoing paragraphs as though fully set forth

6  herein.

7      71.   An actual controversy has arisen between Plaintiffs and members of the Class,

8  on the one hand, and MIRANT, on the other hand, as to their respective rights, remedies and

9  obligations.  Specifically, Plaintiffs contend and Defendants deny, that:

10      (a)   MIRANT has failed to provide Plaintiffs and the Class with meal

11  periods in which they were relieved of all duty for 30 minutes, in violation of

12  California Labor Code §§ 226.7 and 512(a) and applicable Wage Orders, including

13  without limitation Wage Order 1-2001; and

14      (b)   MIRANT has failed to provide Plaintiffs and the Class with rest

15  periods in which they were relieved of all duty for 10 minutes, in violation of Labor

16  Code §§ 226.7 and applicable Wage Orders, including without limitation Wage

17  Order 1-2001.

18      (c)   Plaintiffs further allege that members of the Class are entitled to

19  recover earned wages and penalties as hereinabove alleged.

20      72.   Accordingly, Plaintiffs seek a declaration as to the respective rights, remedies,

21  and obligations of the parties.

22      WHEREFORE, Plaintiffs pray for relief as set forth below.

### PRAYER FOR RELIEF

24      WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class,

25  respectfully pray for relief as follows:

26      1.   For an order certifying this case as a class action, and appointing Plaintiffs as

27  the representatives of the Class;

28      2.   For an order finding and declaring that MIRANT's acts and

---

14

COMPLAINT FOR FAILURE TO PROVIDE
REQUIRED MEAL & BREAK PERIODS, ETC.

 

1   practices as challenged herein are unlawful and unfair;

2       3.   For an order finding and declaring that MIRANT's acts and

3   practices in failing to pay earned wages when due were willful, and penalties

4   shall be awarded against MIRANT pursuant to Labor Code § 203;

5       4.   For an order preliminarily and permanently enjoining MIRANT

6   from engaging in the practices challenged herein;

7       5.   For an order requiring MIRANT to advise all members of the Class of

8   their rights pursuant to the California Labor Code, Wage Orders, and Business &

9   Professions Code;

10      6.   For restitution of all earned wages earned and unpaid;

11      7.   For compensatory damages in amounts to be determined at trial;

12      8.   For a declaration as to the respective rights, remedies, and

13  obligations of the parties, and establishment of a post-judgment reference proceeding to

14  identify, locate and fully reimburse all affected employees all monies due to them;

15      9.   For an award of all civil penalties provided by law;

16      10.  For prejudgment interest to the extent permitted by law;

17      11.  For an award of attorneys' fees, costs and expenses incurred in

18  the prosecution of this action; and

19      12.  For such other and further relief as the Court may deem proper.

20

21  Dated: October 17, 2007          CHAVEZ & GERTLER LLP

22                                   LAW OFFICE OF DANIEL B. SIEGEL

23

24

25  By: _____
                                   Jonathan E. Gertler

26                                 Attorneys of record for Plaintiffs
27                                 JERRY MITCHELL, EDDIE WILLIAMS, JR.,
                                   EDWARD S. MEDINA, and DAVID WALTERS
28

                                   15