1  MARGARET HART EDWARDS, Bar No. 65699
   PHILIP L. ROSS, Bar No. 90042
2  KIMBERLY L. OWENS, Bar No. 233185
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA  94108.2693
5  Telephone:    415.433.1940
   Facsimile:    415.399.8490
6  E-Mail:        mhedwards@littler.com;
                  plross@littler.com;
7                 kowens@littler.com

8  Attorneys for Defendant
   MIRANT CALIFORNIA, LLC

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13  JERRY MITCHELL, EDDIE WILLIAMS,          Case No.  C 07-05847 PJH
    JR., EDWARD S. MEDINA, and DAVID
14  WALTERS, individually and on behalf of   **DEFENDANT MIRANT CALIFORNIA,**
    all others similarly situated,           **LLC'S ANSWER TO COMPLAINT**
15
                Plaintiffs,
16
          v.
17
    MIRANT CALIFORNIA, LLC, a
18  Delaware Corp., and Does 1 to 50,

19              Defendants.

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S ANSWER TO COMPLAINT                              Case No. C 07-05847 PJH

COMES NOW Defendant Mirant California, LLC ("Mirant"), and for its Answer to the Complaint filed by Plaintiffs Jerry Mitchell, Eddie Williams, Jr., Edward S. Medina and David Walters, hereinafter collectively referred to as "Plaintiffs," on behalf of themselves and all others similarly situated, admits, denies and alleges as follows:

## PRELIMINARY STATEMENT

1.     Answering Paragraph 1 of the Complaint, generally no answer is required to Paragraph 1, which merely defines the alleged nature of the action, on whose behalf Plaintiffs' claims are asserted, and against whom Plaintiffs' claims are asserted.  To the extent an answer is required, Mirant admits that it has employed Plaintiff Jerry Mitchell as a Power Plant Technician at Mirant's power plant located in Pittsburg, California.  Mirant admits that it has employed Plaintiff Eddie Williams, Jr. as a Power Plant Technician at Mirant's power plant located in Antioch, California.  Mirant admits that it has employed Plaintiff Edward S. Medina as a Power Plant Technician at Mirant's power plant located in Antioch, California.  Mirant admits that it has employed Plaintiff David Walters as a Power Plant Technician at Mirant's power plant located in San Francisco, California.  Mirant denies the implication that it engaged in any violations alleged in Paragraph 1, and denies that Plaintiffs or any putative class members have been damaged in any manner or amount whatsoever and/or are entitled to any of the relief sought.  Mirant denies, generally and specifically, all other allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.     Answering Paragraph 2 of the Complaint, Mirant denies that the Superior Court for the State of California, County of San Francisco has jurisdiction over this action because Plaintiffs' claims require interpretation of a collective bargaining agreement and thus arise under federal law.   Jurisdiction is proper in the United States District Court, Northern District of California, because Plaintiffs' claims arise under and are preempted by Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  Mirant admits that it owns and operates workplaces in California, including power plants in San Francisco, Antioch and Pittsburg, California.  Mirant denies that any of the acts or omissions complained of by Plaintiffs occurred.  Mirant lacks sufficient

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1.

DEF.'S ANSWER TO COMPLAINT                                      Case No. C 07-05847 PJH

1  information or belief as to whether each of the Plaintiffs is a resident of California, and on that basis,

2  denies that allegation.

3      3.    Answering Paragraph 3 of the Complaint, Mirant admits that it has not

4  designated an address of a principal office in California with the California Secretary of State.

5  Mirant further admits that it owns and operates a power plant in San Francisco, California.  Mirant

6  denies that it committed any wrongful act alleged in the Complaint.  Mirant lacks sufficient

7  information or belief to respond to the other allegations in Paragraph 3 and, on that basis, denies,

8  generally and specifically, all other allegations in Paragraph 3.

9      4.    Answering Paragraph 4 of the Complaint, Mirant denies that the California

10  Superior Court for the County of San Francisco had jurisdiction over this action and denies that there

11  is no federal question at issue.  Plaintiffs' claims require interpretation of a Collective Bargaining

12  Agreement and thus arise under federal law.  Jurisdiction is proper in the United States District

13  Court, Northern District of California, because Plaintiffs' claims arise under and are preempted by

14  Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  Mirant lacks sufficient

15  information or belief to respond to the other allegations in Paragraph 4 and, on that basis, denies,

16  generally and specifically, all other allegations in Paragraph 4.

17                    **PARTIES**

18      5.    Answering Paragraph 5 of the Complaint, Mirant admits that Plaintiff Jerry

19  Mitchell ("Mitchell") is an individual over the age of eighteen (18).  Mirant lacks sufficient

20  information or belief as to whether Mitchell is or, during any relevant time was, a resident of the

21  State of California and, on that basis, denies the allegation.  Mirant admits that it has employed

22  Mitchell as a Power Plant Technician at Mirant's power plant in Pittsburg, California since

23  August 6, 2001, and admits that Mitchell holds the job classification of Power Plant Technician IV

24  and has held this classification.  Mirant denies, generally and specifically, all other allegations in

25  Paragraph 5.

26      6.    Answering Paragraph 6 of the Complaint, Mirant admits that Plaintiff Eddie

27  Williams, Jr. ("Williams") is an individual over the age of eighteen (18).  Mirant lacks sufficient

28  information or belief as to whether Williams is or, during any relevant time was, a resident of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF.'S ANSWER TO COMPLAINT                    Case No. C 07-05847 PJH

State of California and, on that basis, denies the allegation.  Mirant admits that it has employed Williams as a Power Plant Technician at Mirant's power plant in Antioch, California since July 9, 2001, and admits that Williams holds the job classification of Power Plant Technician IV.  Mirant denies, generally and specifically, all other allegations in Paragraph 6.

7.    Answering Paragraph 7 of the Complaint, Mirant admits that Plaintiff Edward S. Medina ("Medina") is an individual over the age of eighteen (18).  Mirant lacks sufficient information or belief as to whether Medina is or, during any relevant time was, a resident of the State of California and, on that basis, denies the allegation.  Mirant admits that it has employed Medina as a Power Plant Technician at Mirant's power plant in Antioch, California since April 16, 2001, and admits that Medina holds the job classification of Power Plant Technician IV.  Mirant denies, generally and specifically, all other allegations in Paragraph 7.

8.    Answering Paragraph 8 of the Complaint, Mirant admits that Plaintiff David Walters ("Walters") is an individual over the age of eighteen (18).  Mirant lacks sufficient information or belief as to whether Walters is or, during any relevant time was, a resident of the State of California and, on that basis, denies the allegation.  Mirant admits that it has employed Walters as a Power Plant Technician at Mirant's power plant in Antioch, California since April 16, 2001, and admits that Walters holds the job classification of Power Plant Technician IV.  Mirant denies, generally and specifically, all other allegations in Paragraph 8.

9.    Answering Paragraph 9 of the Complaint, Mirant admits that it is incorporated in Delaware as a Limited Liability Company and admits that it is licensed to conduct business in the State of California.  Mirant admits that it has owned and operated power plants in San Francisco, Antioch and Pittsburg, California since May 1999.  Mirant denies generally and specifically, all other allegations in Paragraph 9.

10.    Answering Paragraph 10 of the Complaint, Mirant alleges that Doe Defendant pleading is not allowed in Federal Court.  Mirant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, as they relate to Defendants not yet named, and therefore denies them.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

3.

DEF.'S ANSWER TO COMPLAINT                                    Case No. C 07-05847 PJH

1    11.    Answering Paragraph 11 of the Complaint, Mirant lacks information sufficient

2 to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, as they appear to

3 relate to Defendants not yet named, and therefore denies them.  Mirant expressly denies that it

4 authorized, ratified or approved, expressly or impliedly, any wrongful conduct alleged in the

5 Complaint.

6                    **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

7    12.    Answering Paragraph 12 of the Complaint, generally no answer is required to

8 Paragraph 12, which merely defines the nature of the action and on whose behalf Plaintiffs' claims

9 are asserted.  Mirant admits that Plaintiffs seek to represent the class of persons described in

10 Paragraph 12.  Mirant denies that Plaintiffs may bring a class action under California Code of Civil

11 Procedure section 382 or California Business and Professions Code section 17200 and asserts that

12 Plaintiffs are unable to meet the requirements of Federal Rule of Civil Procedure 23 as required to

13 pursue a class action in federal court.  Mirant denies the implication that it engaged in any violations

14 alleged in Paragraph 12 and denies the implication that Plaintiffs were unlawfully denied anything

15 referenced in Paragraph 12.  Mirant admits that Power Plant Technicians at Mirant's power plants in

16 San Francisco, Antioch and Pittsburg, California are classified as Level 1, Level 2, Level 3 and

17 Level 4, and admits that Level 4 is the most senior.  Mirant denies, generally and specifically, all

18 other allegations in Paragraph 12.

19    13.    Answering Paragraph 13 of the Complaint, Paragraph 13 contains legal

20 argument not requiring an answer.  To the extent an answer is required, Mirant denies, generally and

21 specifically, each and every allegation in Paragraph 13.

22    14.    Answering Paragraph 14 of the Complaint, Paragraph 14 contains legal

23 argument not requiring an answer.  To the extent an answer is required, Mirant denies, generally and

24 specifically, each and every allegation in Paragraph 14.  Mirant further specifically denies that

25 Plaintiffs have been denied any meal or rest period required by California law and denies that they

26 have not been paid all earned wages owed.

27    15.    Answering Paragraph 15 of the Complaint, Paragraph 15 contains legal

28 argument not requiring an answer.  To the extent an answer is required, Mirant denies that it has

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.

DEF.'S ANSWER TO COMPLAINT                                    Case No. C 07-05847 PJH

1    employed at least 56 Power Plant Technicians, excluding maintenance employees, at each of the

2    three power plants at any given time.  Mirant denies that the proposed class is so numerous as to

3    make the case suitable for class treatment.  Mirant denies, generally and specifically, all other

4    allegations in Paragraph 15.

5            16.    Answering Paragraph 16 of the Complaint, Paragraph 16 contains legal

6    argument not requiring an answer.  To the extent an answer is required, Mirant lacks knowledge of

7    the competence and experience of Plaintiffs' counsel in complex class action litigation, including

8    wage and hour class actions, and on that basis, denies the allegations as they relate to Plaintiffs'

9    counsel.  Mirant denies, generally and specifically, all other allegations in Paragraph 16.

10           17.    Answering Paragraph 17 of the Complaint, Paragraph 17 contains legal

11   argument not requiring an answer.  To the extent an answer is required, Mirant denies that use of the

12   class action format would be a superior or appropriate procedure to afford relief for the alleged

13   wrongs.  Mirant denies, generally and specifically, each and every allegation in Paragraph 17.

## FACTUAL ALLEGATIONS

15           18.    Answering Paragraph 18 of the Complaint, Mirant denies, generally and

16   specifically, each and every allegation in Paragraph 18.

17           19.    Answering Paragraph 19 of the Complaint, Mirant admits that Plaintiffs

18   usually, but not always, worked 12 hour shifts.  Mirant denies, generally and specifically, all other

19   allegations in Paragraph 19.

20           20.    Answering Paragraph 20 of the Complaint, Mirant admits that Plaintiffs have

21   worked subject to a collective bargaining agreement ("CBA") that was effective beginning

22   November 1, 2000, and a subsequent CBA that became effective on January 1, 2006.  Mirant admits

23   that both collective bargaining agreements stated the following in Section 16.5:

24           A Shift employee works a job that is staffed with a rotating twenty-four (24) hour per
             day shift, on a seven (7) day a week basis, including holidays.  Time to consume
25           meals for shift employees shall be considered as time worked.  Meals will be taken at
             the work station or as directed by the Supervisor.
26

27   Mirant denies, generally and specifically, all other allegations in Paragraph 20.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

5.

DEF.'S ANSWER TO COMPLAINT                                    Case No. C 07-05847 PJH

21.     Answering Paragraph 21 of the Complaint, Mirant admits that Plaintiffs seek to represent the class described in Paragraph 21, but denies that class treatment would be proper. Mirant denies, generally and specifically, all other allegations in Paragraph 21.

22.     Answering Paragraph 22 of the Complaint, Mirant denies, generally and specifically, each and every allegation in Paragraph 22.

23.     Answering Paragraph 23 of the Complaint, Mirant admits that Plaintiffs have usually, but not always, worked shifts of 12 hours.  Mirant denies, generally and specifically, all other allegations in Paragraph 23.

24.     Answering Paragraph 24 of the Complaint, Mirant admits that both the CBA that became effective on November 1, 2000 and the CBA that became effective on January 1, 2006 state in Section 16.7: "Each employee shall be allowed a ten-minute paid break to be taken at his or her workstation in each half of a workday that equals four or more hours." Mirant denies, generally and specifically, all other allegations in Paragraph 24.

25.     Answering Paragraph 25 of the Complaint, Mirant admits that Plaintiffs are classified as non-exempt employees.  Mirant denies, generally and specifically, all other allegations in Paragraph 25.

26.     Answering Paragraph 26 of the Complaint, Mirant denies, generally and specifically, each and every allegation in Paragraph 26.

27.     Answering Paragraph 27 of the Complaint, Mirant denies, generally and specifically, each and every allegation in Paragraph 27.

28.     Answering Paragraph 28 of the Complaint, Mirant denies, generally and specifically, each and every allegation in Paragraph 28.

## FIRST CAUSE OF ACTION

### (Alleged Failure to Provide Required Meal Periods)

29.     Answering Paragraph 29 of the Complaint, Mirant incorporates by reference its answers to Paragraphs 1 through 28 of the Complaint.

30.     Answering Paragraph 30 of the Complaint, Paragraph 30 contains legal argument not requiring an answer.  To the extent an answer is required, Mirant admits that California

6.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEF.'S ANSWER TO COMPLAINT                                    Case No. C 07-05847 PJH

1    Labor Code section 516 states:  "Except as provided in Section 512, the Industrial Welfare

2    Commission may adopt or amend working condition orders with respect to break periods, meal

3    periods, and days of rest for any workers in California consistent with the health and welfare of those

4    workers."  Mirant admits that California Labor Code section 226.7(a) states:  "No employer shall

5    require any employee to work during any meal or rest period mandated by an applicable order of the

6    Industrial Welfare Commission."  Mirant denies any implication that it has violated any law.

7            31.    Answering Paragraph 31 of the Complaint, Paragraph 31 contains legal

8    argument not requiring an answer.  To the extent an answer is required, Mirant admits that California

9    Labor Code section 512(a) states as set forth in Paragraph 31.  Mirant denies any implication that it

10   has violated California Labor Code section 512 or any other law.

11           32.    Answering Paragraph 32 of the Complaint, Paragraph 32 contains legal

12   argument not requiring an answer.  To the extent an answer is required, Mirant admits that the

13   California Industrial Welfare Commission ("IWC") has issued Wage Orders, including Wage Order

14   1-2001, and admits that Wage Order No. 1-2001 applies to the "Manufacturing Industry."  Mirant

15   denies, generally and specifically, all other allegations in Paragraph 32.

16           33.    Answering Paragraph 33 of the Complaint, Paragraph 33 contains legal

17   argument not requiring an answer.   To the extent an answer is required, Mirant admits that

18   Section 11 of Wage Order 1-2001 purports to set forth requirements for meal periods for businesses

19   covered by that Wage Order.  Mirant denies that the portion of Section 11 reproduced in Paragraph

20   33 is complete and accurate.  Mirant denies any implication that it has violated any applicable Wage

21   Order.

22           34.    Answering Paragraph 34 of the Complaint, Paragraph 34 contains legal

23   argument not requiring an answer.  To the extent an answer is required, Mirant admits that the

24   California Division of Labor Standards Enforcement ("DLSE") issued an opinion letter dated

25   September 4, 2002 that addressed on-duty meal periods.  However, Mirant denies that the opinion

26   letter stated as alleged in Paragraph 34, and alleges that the opinion letter also stated that an on-duty

27   meal period is permissible when agreed to in a CBA.  Mirant denies, generally and specifically, all

28   other allegations in Paragraph 34.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S ANSWER TO COMPLAINT                                              Case No. C 07-05847 PJH

1    35.    Answering Paragraph 35 of the Complaint, Paragraph 35 contains legal

2    argument not requiring an answer.    To the extent an answer is required, Mirant admits that

3    Section 11(D) of Wage Order 1-2001 states, in part, as set forth in Paragraph 35.  Mirant denies any

4    implication that it has violated this or any applicable Wage Order.

5    36.    Answering Paragraph 36 of the Complaint, Paragraph 36 contains legal

6    argument not requiring an answer.    To the extent an answer is required, Mirant admits that

7    Section 11(D) of Wage Order 1-2001 states as set forth in Paragraph 36.    Mirant denies any

8    implication that it has violated this or any applicable Wage Order.

9    37.    Answering Paragraph 37 of the Complaint, Mirant admits that Plaintiffs

10   usually, but not always, worked shifts of 12 hours.  Mirant further admits that both the CBA that was

11   effective beginning November 1, 2000 and the subsequent CBA that became effective on January 1,

12   2006 stated the following in Section 16.5:

13   A Shift employee works a job that is staffed with a rotating twenty-four (24) hour per
14   day shift, on a seven (7) day a week basis, including holidays.  Time to consume
     meals for shift employees shall be considered as time worked.  Meals will be taken at
15   the work station or as directed by the Supervisor.

16   Mirant denies, generally and specifically, all other allegations in Paragraph 37.

17   38.    Answering Paragraph 38 of the Complaint, Mirant denies, generally and

18   specifically, each and every allegation in Paragraph 38.

19   39.    Answering Paragraph 39 of the Complaint, Mirant denies, generally and

20   specifically, each and every allegation in Paragraph 39, and further denies that Plaintiffs or any

21   putative class members have been damaged in any manner or amount whatsoever.

22   40.    Answering Paragraph 40 of the Complaint, Mirant admits that Plaintiffs

23   request such relief, but deny that they are entitled to any of the relief requested.  Mirant denies,

24   generally and specifically, all other allegations in Paragraph 40.

25   41.    Answering Paragraph 41 of the Complaint, Mirant admits that Plaintiffs

26   request attorneys' fees and costs, but deny that they are entitled to any of the relief requested.

27   Mirant denies, generally and specifically, all other allegations in Paragraph 41.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

8.

DEF.'S ANSWER TO COMPLAINT                                    Case No. C 07-05847 PJH

1

### SECOND CAUSE OF ACTION

2

**(Alleged Failure to Provide Required Rest Periods)**

3      42.    Answering Paragraph 42 of the Complaint, Mirant incorporates by reference

4    its answers to Paragraphs 1 through 41 of the Complaint.

5      43.    Answering Paragraph 43 of the Complaint, Paragraph 43 contains legal

6    argument not requiring an answer.  To the extent an answer is required, Mirant admits that California

7    Labor Code section 516 states:   "Except as provided in Section 512, the Industrial Welfare

8    Commission may adopt or amend working condition orders with respect to break periods, meal

9    periods, and days of rest for any workers in California consistent with the health and welfare of those

10   workers."  Mirant admits that California Labor Code section 226.7(a) states:  "No employer shall

11   require any employee to work during any meal or rest period mandated by an applicable order of the

12   Industrial Welfare Commission."  Mirant denies any implication that it has violated any law.

13     44.    Answering Paragraph 44 of the Complaint, Paragraph 44 contains legal

14   argument not requiring an answer.  To the extent an answer is required, Mirant admits that the IWC

15   has issued Wage Orders, including Wage Order 1-2001, and admits that Wage Order No. 1-2001

16   applies to the "Manufacturing Industry."   Mirant denies, generally and specifically, all other

17   allegations in Paragraph 44.

18     45.    Answering Paragraph 45 of the Complaint, Paragraph 45 contains legal

19   argument not requiring an answer.  To the extent an answer is required, Mirant admits that

20   Section 12(A) of Wage Order 1-2001 states, in part, as alleged.  Mirant denies, generally and

21   specifically, all other allegations in Paragraph 45.

22     46.    Answering Paragraph 46 of the Complaint, Paragraph 46 contains legal

23   argument not requiring an answer.  To the extent an answer is required, Mirant admits that Wage

24   Order 1-2001 states, in part, as alleged.  Mirant denies, generally and specifically, all other

25   allegations in Paragraph 46.

26     47.    Answering Paragraph 47 of the Complaint, Paragraph 47 contains legal

27   argument not requiring an answer.  To the extent an answer is required, Mirant admits that California

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

9.

1   Labor Code section 226.7(b) states, in part as set forth in Paragraph 47.  Mirant denies any

2   implication that it has violated section 226.7 or any other law.

3          48.    Answering Paragraph 48 of the Complaint, Paragraph 48 contains legal

4   argument not requiring an answer.  To the extent an answer is required, Mirant admits that Plaintiffs

5   usually, but not always, worked 12 hour shifts.  Mirant further admits that both the CBA that became

6   effective on November 1, 2000 and the CBA that became effective on January 1, 2006 state in

7   Section 16.7:  "Each employee shall be allowed a ten-minute paid break to be taken at his or her

8   workstation in each half of a workday that equals four or more hours."  Mirant denies, generally and

9   specifically, all other allegations in Paragraph 48.

10          49.    Answering Paragraph 49 of the Complaint, Mirant denies, generally and

11   specifically, each and every allegation in Paragraph 49, and further denies that Plaintiffs or any

12   putative class members have been damaged in any manner or amount whatsoever.

13          50.    Answering Paragraph 50 of the Complaint, Mirant denies, generally and

14   specifically, each and every allegation in Paragraph 50.

15          51.    Answering Paragraph 51 of the Complaint, Mirant admits that Plaintiffs

16   request attorneys' fees and costs, but deny that they are entitled to any of the relief requested.

17   Mirant denies, generally and specifically, all other allegations in Paragraph 51.

18                          **THIRD CAUSE OF ACTION**

19                          **(Waiting Time Penalties)**

20          52.    Answering Paragraph 52 of the Complaint, Mirant incorporates by reference

21   its answers to Paragraphs 1 through 51 of the Complaint.

22          53.    Answering Paragraph 53 of the Complaint, Paragraph 53 contains legal

23   argument not requiring an answer.  To the extent an answer is required, Mirant admits that California

24   Labor Code section 203 provides, in part, as alleged in Paragraph 53.  Mirant denies any implication

25   that Plaintiffs or members of the putative class are entitled to penalties under section 203 or any

26   other law.

27          54.    Answering Paragraph 54 of the Complaint, Mirant denies, generally and

28   specifically, each and every allegation in Paragraph 54.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

DEF.'S ANSWER TO COMPLAINT                                Case No. C 07-05847 PJH

1    55.    Answering Paragraph 55 of the Complaint, Mirant admits that certain

2    individuals who performed services for Mirant as Power Plant Technicians are no longer employed

3    by Mirant.  Except as expressly admitted herein, Mirant denies, generally and specifically, all other

4    allegations in Paragraph 55.

5    56.    Answering Paragraph 56 of the Complaint, Mirant denies, generally and

6    specifically, each and every allegation in Paragraph 56.

7    57.    Answering Paragraph 57 of the Complaint, Mirant denies, generally and

8    specifically, each and every allegation in Paragraph 57.

9    58.    Answering Paragraph 58 of the Complaint, Mirant denies, generally and

10    specifically, each and every allegation in Paragraph 58.

11    **FOURTH CAUSE OF ACTION**

12    **(Alleged Unfair Competition)**

13    59.    Answering Paragraph 59 of the Complaint, Mirant incorporates by reference

14    its answers to Paragraphs 1 through 58 of the Complaint.

15    60.    Answering Paragraph 60 of the Complaint, Paragraph 60 contains legal

16    arguments not requiring an answer.   To the extent an answer is required, Mirant admits that

17    California Business and Professions Code section 17200 defines unfair competition to "mean and

18    include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or

19    misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of

20    Part 3 of Division 7 of the Business and Professions Code."   Cal. Bus. & Prof. Code § 17200.

21    Mirant further admits that the Unfair Competition law ("UCL"), California Business and Professions

22    Code § 17200, *et seq.*, provides injunctive relief or restitution as remedies for violations of the UCL.

23    Mirant denies the implication that it engaged in any unlawful or unfair business practices or

24    committed any violation of the UCL or any other law.  Except as expressly admitted herein, Mirant

25    denies, generally and specifically, all other allegations in Paragraph 60.

26    61.    Answering Paragraph 61 of the Complaint, Mirant denies, generally and

27    specifically, each and every allegation in Paragraph 61.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

11.

**DEF.'S ANSWER TO COMPLAINT**                                          **Case No. C 07-05847 PJH**

1    62.    Answering Paragraph 62 of the Complaint, Mirant denies, generally and
2    specifically, each and every allegation in Paragraph 62.

3    63.    Answering Paragraph 63 of the Complaint, Mirant denies, generally and
4    specifically, each and every allegation in Paragraph 63.

5    64.    Answering Paragraph 64 of the Complaint, Mirant denies, generally and
6    specifically, each and every allegation in Paragraph 64, and further denies that denies that Plaintiffs
7    or any putative class members are entitled to restitution in any manner or amount whatsoever.

8    65.    Answering Paragraph 65 of the Complaint, Mirant admits that Plaintiffs
9    request an injunction, but denies that there are grounds to issue any injunction.   Mirant denies,
10   generally and specifically, all other allegations in Paragraph 65.

11   66.    Answering Paragraph 66 of the Complaint, Mirant admits that Plaintiffs
12   request an interim order as stated in Paragraph 66, but denies that an interim order would be
13   appropriate and denies that any legal or factual grounds exist for such an order.   Mirant denies,
14   generally and specifically, all other allegations in Paragraph 66.

15   67.    Answering Paragraph 67 of the Complaint, Mirant admits that Plaintiffs
16   request the relief stated in Paragraph 67, but denies that they are entitled to any such relief.   Mirant
17   denies, generally and specifically, all other allegations in Paragraph 67.

18   68.    Answering Paragraph 68 of the Complaint, Mirant admits that Plaintiffs
19   request the relief stated in Paragraph 68, but denies that they are entitled to any such relief and
20   denies that such relief is available under the UCL.   Mirant denies, generally and specifically, all
21   other allegations in Paragraph 68.

22   69.    Answering Paragraph 69 of the Complaint, Mirant admits that Plaintiffs
23   request attorneys' fees and costs, but denies that they are entitled to any of the relief requested in
24   Paragraph 69.   Mirant denies, generally and specifically, all other allegations in Paragraph 69.

25   **FIFTH CAUSE OF ACTION**

26   **(Declaratory Relief)**

27   70.    Answering Paragraph 70 of the Complaint, Mirant incorporates by reference
28   its answers to Paragraphs 1 through 69 of the Complaint.

12.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
ian Francisco, CA 94108.2693
415.433.1940

DEF.'S ANSWER TO COMPLAINT                                          Case No. C 07-05847 PJH

71.    Answering Paragraph 71 of the Complaint, Mirant admits that an actual controversy has arisen between Plaintiffs and Mirant as to their respective rights, remedies and obligations.  Mirant denies, generally and specifically, all other allegations in Paragraph 71.

72.    Answering Paragraph 72 of the Complaint, Mirant admits that Plaintiffs seek the relief requested, but denies that they are entitled to any such relief.

## AFFIRMATIVE DEFENSES

1.    AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint, and each cause of action therein, fail to properly state a claim upon which relief can be granted.

2.    AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint, and each cause of action therein, are barred by the applicable statutes of limitation including, but not limited to, 29 U.S.C. section 160(b), California Code of Civil Procedure sections 335.1, 337, 337a, 338, 339 or 340, and California Business and Professions Code section 17208.

3.    AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that Plaintiffs failed to timely and completely exhaust the requisite contractual, administrative or statutory remedies available to them before commencing this action.

4.    AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint, and each cause of action therein, are barred because Plaintiffs failed to exhaust the grievance procedures set forth in the Collective Bargaining Agreement applicable to their employment with Mirant.

5.    AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint, and each cause of action therein, are barred because all claims are subject to the mandatory arbitration provision set forth in the Collective Bargaining Agreement between Mirant and the International Brotherhood of Electrical Workers Local 1245.

6.    AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint, and each cause of action therein, are barred, because the claims are preempted by Section 301 of the Labor-Management Relations Act, 29 U.S.C. section 185.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF.'S ANSWER TO COMPLAINT                                        Case No. C 07-05847 PJH

7.     AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint, and each cause of action therein, are barred because Mirant authorized or permitted Plaintiffs to take all meal and rest periods required by California law.

8.     AS AN EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint and each cause of action therein, or some of them, are barred because Plaintiffs or the International Brotherhood of Electrical Workers Local 1245, on behalf of Plaintiffs, waived any meal or rest periods that Plaintiffs failed to take, if any.

9.     AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that Plaintiffs' causes of action are barred because, assuming *arguendo* Plaintiffs failed to take any meal or rest periods, the nature of Plaintiffs' work prevents them from being relieved of all duty and Plaintiffs or the International Brotherhood of Electrical Workers Local 1245, on behalf of Plaintiffs, entered into a written agreement allowing on-the-job paid meal periods.

10.    AS A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that Plaintiffs' causes of action are barred to the extent they seek or claim any right to premium pay for alleged multiple meal or rest period violations in a single workday because California Labor Code Section 226.7 provides for only a single hour of premium pay per workday.

11.    AS AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the claims alleged in the Complaint under California Labor Code section 226.7 are barred because that statute provides no private right of action.

12.    AS A TWELFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint fails to properly state a claim for penalties under California Labor Code section 203 because any failure to pay wages due was not willful.

13.    AS A THIRTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint fails to properly state a claim for penalties under California Labor Code section 203 because there is a bona fide, good faith dispute with respect to Mirant's obligation to pay any wages allegedly due.

14.    AS A FOURTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint and each cause of action therein, or some of them, are barred

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

       

1   because the applicable wage orders of the California Industrial Welfare Commission or the

2   provisions of the California Labor Code are unconstitutionally vague and ambiguous and violate

3   Mirant's rights under the United States and California Constitutions to, among other things, due

4   process of law.

5           15.    AS A FIFTEENTH, SEPARATE DEFENSE, Mirant alleges that its business

6   actions or practices were not "unfair," "unlawful," "harmful," "fraudulent," or "deceptive" within

7   the meaning of the Unfair Competition Law, California Business and Professions Code

8   section 17200, *et seq.*

9           16.    AS A SIXTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant

10  alleges that Plaintiffs' prosecution of this action as representatives of the general public under

11  California Business and Professions Code section 17200, *et seq.*, as applied to the facts and

12  circumstances of this case, would constitute a denial of Mirant's substantive and procedural due

13  process rights under the Fourteenth Amendment of the United States Constitution and under the

14  California Constitution.

15          17.    AS A SEVENTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

16  Mirant alleges that Plaintiffs' claims for recovery under California Business and Professions Code

17  § 17200 *et seq.* are barred with respect to penalties of any nature.

18          18.    AS AN EIGHTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

19  Mirant alleges that Plaintiffs' prayers for restitution or injunctive relief under California Business

20  and Professions Code § 17200, *et seq.*, are barred with respect to any alleged violations that have

21  discontinued, ceased, or are not likely to recur.

22          19.    AS A NINETEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

23  Mirant alleges that the Complaint and each cause of action therein, or some of them, are barred by

24  the doctrine of estoppel.

25          20.    AS A TWENTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant

26  alleges that the Complaint, and each cause of action therein, are barred by the doctrine of laches.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

15.

DEF.'S ANSWER TO COMPLAINT                                    Case No. C 07-05847 PJH

21.     AS A TWENTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint, and each cause of action therein, are barred by the doctrine of waiver.

22.     AS A TWENTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint, and each cause of action therein, are barred by the doctrine of release.

23.     AS A TWENTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint, and each cause of action therein, are barred by the doctrine of unclean hands.

24.     AS A TWENTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint, and each cause of action therein, are barred by the doctrine of avoidable consequences.

25.     AS A TWENTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that Plaintiffs lack standing to bring their claims as to all or a portion of the claims presented in the Complaint.

26.     AS A TWENTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the Complaint fails to properly state a claim for injunctive relief.

27.     AS A TWENTY-SEVENTH, SEPARATE DEFENSE, Mirant alleges that Plaintiffs are not entitled to equitable relief insofar as they have adequate remedies at law.

28.     AS A TWENTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that Plaintiffs consented to, encouraged, or voluntarily participated in all actions taken, if any.

29.     AS A TWENTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that the claims alleged in the Complaint are barred, in whole or in part, by the doctrine of accord and satisfaction.

30.     AS A THIRTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, Mirant alleges that, to the extent Plaintiffs seek statutory or other penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF.'S ANSWER TO COMPLAINT**                                      **Case No. C 07-05847 PJH**

1         31.    AS A THIRTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE,

2    Mirant alleges that the Complaint fails to properly state a claim for interest, as the damages claimed

3    are not sufficiently certain to support an award of interest.

4         32.    AS A THIRTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE,

5    Mirant alleges that the Complaint fails to properly state a claim for recovery of costs and attorneys'

6    fees under California Labor Code §§ 218.5 or 1194, California Code of Civil Procedure § 1021.5,

7    California Business and Professions Code § 17200 *et seq.*, 29 U.S.C. § 216(b), or any other basis.

8         33.    AS A THIRTY-THIRD, SEPARATE DEFENSE, Mirant alleges that the

9    Complaint fails to properly state a claim that may be maintained as a class action under Rule 23 of

10   the Federal Rules of Civil Procedure or any corresponding state law.

11        34.    AS A THIRTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

12   Mirant alleges that certification of a class, as applied to the facts and circumstances of this case,

13   would constitute a denial of its rights to trial by jury and to substantive and procedural due process,

14   in violation of the Fourteenth Amendment of the United States Constitution and the Due Process and

15   Equal Protection Clauses of the California Constitution.

16        35.    AS A THIRTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

17   Mirant opposes class certification and disputes the propriety of class treatment. If the Court certifies

18   a class in this case over Mirant's objections, then Mirant asserts the affirmative defenses set forth

19   herein against each and every member of any class certified.

20        WHEREFORE, Mirant prays:

21        1.    That Plaintiffs take nothing by their Complaint;

22        2.    That Plaintiffs' Complaint be dismissed in its entirety;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEF.'S ANSWER TO COMPLAINT                                    Case No. C 07-05847 PJH

1        3.    For an award of the costs of suit and reasonable attorneys' fees; and

2        4.    For such other and further relief as the Court may deem just and proper.

3    Dated: November 28, 2007

4

5                        /s/

6                MARGARET HART EDWARDS
                 LITTLER MENDELSON

7                A Professional Corporation
                 Attorneys for Defendant

8                MIRANT CALIFORNIA, LLC

Firmwide:83698851.5 049353.1000

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

18.

**DEF.'S ANSWER TO COMPLAINT**                              **Case No. C 07-05847 PJH**