MARGARET HART EDWARDS, Bar No. 65699
PHILIP L. ROSS, Bar No. 90042
KIMBERLY L. OWENS, Bar No. 233185
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Facsimile:    415.399.8490
E-Mail:         mhedwards@littler.com;
                   plross@littler.com;
                   kowens@littler.com

Attorneys for Defendant and Counter-Claimant
MIRANT CALIFORNIA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JERRY MITCHELL, EDDIE WILLIAMS, JR., EDWARD S. MEDINA, and DAVID WALTERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIRANT CALIFORNIA, LLC, a Delaware Corp., and Does 1 to 50,<br><br>Defendants. | Case No.  C 07-05847 PJH<br><br>**DEFENDANT MIRANT CALIFORNIA, LLC'S COUNTERCLAIM FOR DECLARATORY RELIEF** |
| MIRANT CALIFORNIA, LLC, a Delaware Limited Liability Company,<br><br>Counter-Claimant,<br><br>v.<br><br>JERRY MITCHELL, EDDIE WILLIAMS, JR., EDWARD S. MEDINA, DAVID WALTERS and THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 1245,<br><br>Counter-Defendants. | |

Defendant and Counter-Claimant MIRANT CALIFORNIA, LLC ("Mirant"), a Delaware Limited Liability Company, hereby counterclaims as follows:

## JURISDICTION

1. This Court has supplemental jurisdiction of this counterclaim under 28 U.S.C. Section 1367(a) because it arises out of the same transaction or occurrence that is the subject matter of Plaintiffs and Counter-Defendants Jerry Mitchell, Eddie Williams, Jr., Edward S. Medina and David Walters' Complaint.

2. This Court has original jurisdiction of this counterclaim under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. Section 185(a), because this counterclaim seeks interpretation of the collective bargaining agreement ("CBA") between Mirant and Counter-Defendant the International Brotherhood of Electrical Workers Local 1245 ("IBEW Local 1245") and requests a declaratory judgment as to rights and obligations under the CBA.

## VENUE

3. Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the counterclaim occurred in this District.

## INTRA-DISTRICT ASSIGNMENT

4. This action has been assigned to the San Francisco Division of the United States District Court for the Northern District of California. Assignment of this action to the San Francisco Division is proper under Civil Local Rule 3-2 because a substantial part of the events or omissions giving rise to the claims occurred in San Francisco County. Civil L.R. 3-2(e).

## PARTIES

5. Defendant and Counter-Claimant Mirant is, and at all relevant times was, a Delaware Limited Liability Company organized and existing under the laws of the State of Delaware and licensed to do business in the State of California. Mirant owns and operates power plants in San Francisco, California (the "Potrero Power Plant"), Antioch, California (the "Contra Costa Power Plant") and Pittsburg, California (the "Pittsburg Power Plant"). Mirant has been and is engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), 2(7) and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1.

DEF.'S COUNTERCLAIM FOR DECLARATORY RELIEF                Case No. C 07-05847 PJH

301(a) of the LMRA. 29 U.S.C. §§ 152(2), (6), (7); 185(a). At all relevant times, Mirant has been, and is, engaged in the production and sale of electricity.

6. Plaintiffs and Counter-Defendants Jerry Mitchell, Eddie Williams, Jr., Edward S. Medina and David Walters (collectively referred to as "Plaintiffs") are employed by Mirant as Power Plant Technicians at the Potrero Power Plant, the Contra Costa Power Plant or the Pittsburg Power Plant. In their Complaint, Plaintiffs state that they are residents of California.

7. Third party Counter-Defendant IBEW Local 1245 is, and at all relevant times was, a labor organization in which certain employees of Mirant participate and which exists for the purpose of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work. IBEW Local 1245 is a labor organization within the meaning of Sections 2(5) and 301(a) of the LMRA. 29 U.S.C. §§ 152(5), 185(a). IBEW Local 1245 is the exclusive bargaining representative of a bargaining unit of Mirant employees, which is comprised of all Power Plant Technicians employed at Mirant's Contra Costa, Pittsburg and Potrero Hill Power Plants. IBEW Local 1245 maintains an office and place of business at 30 Orange Tree Circle, Vacaville, California.

## JOINDER OF THIRD PARTY CROSS-DEFENDANT

8. Joinder of Cross-Defendant IBEW Local 1245 is proper under Federal Rule of Civil Procedure 13(h) because the presence of IBEW Local 1245 will facilitate determination of this counterclaim. IBEW Local 1245 is subject to service of process and subject to personal jurisdiction in California.

9. IBEW Local 1245 is a necessary and indispensable party under Federal Rule of Civil Procedure 19(a) because it is "materially interested in the subject matter of the case" and "needed for just adjudication." In their Complaint, Plaintiffs seek declaratory and injunctive relief that would render a portion of the CBA invalid. All parties to a contract are indispensable in an action to rescind any contractual provision.

10. In the alternative, IBEW Local 1245 is subject to permissive joinder under Federal Rule of Civil Procedure 20(a) because the declaratory relief sought here arises out of the

2.

DEF.'S COUNTERCLAIM FOR DECLARATORY RELIEF          Case No. C 07-05847 PJH

same transaction, occurrence or series of transactions or occurrences as the Complaint and there is at least one common question of law or fact common to all parties joined.

## FACTUAL ALLEGATIONS

11. Plaintiffs have filed a Complaint against Mirant alleging that Mirant has violated California law regarding rest and meal periods.

12. At all relevant times, Mirant and Cross-Defendant IBEW Local 1245 have been parties to a series of collective bargaining agreements that have governed Plaintiffs' employment.

13. The current collective bargaining agreement ("CBA") between Mirant and IBEW Local 1245 became effective on January 1, 2006 and remains in effect until October 31, 2008. This agreement states in Section 16.5:

> A Shift employee works a job that is staffed with a rotating twenty-four (24) hour per day shift, on a seven (7) day a week basis, including holidays. Time to consume meals for shift employees shall be considered as time worked. Meals will be taken at the work station or as directed by the Supervisor.

In addition, Mirant and IBEW Local 1245 have agreed, as reflected by longstanding practice, that employees working 12 hour shifts waive their second meal periods, so that the hours of their workday end one-half hour sooner.

14. The current CBA also contains an agreement regarding rest periods in Section 16.7, which provides: "Each employee shall be allowed a ten-minute paid break to be taken at his or her workstation in each half of a workday that equals four or more hours."

15. IBEW Local 1245 voluntarily consented to and encouraged the inclusion of the above provisions in the CBA. IBEW Local 1245 represented that it had the authority to enter and did enter these agreements regarding meal and rest periods on behalf of the employees in the bargaining unit, including Plaintiffs. However, IBEW Local 1245 now asserts that these provisions violate California law and encouraged Plaintiffs to initiate this lawsuit.

16. In their Complaint, Plaintiffs allege that a CBA cannot waive meal periods and assert that Section 16.5 of the CBA demonstrates that the policy and practice of Mirant has been

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.

DEF.'S COUNTERCLAIM FOR DECLARATORY RELIEF          Case No. C 07-05847 PJH

to require Plaintiffs and the Class to work "on duty" meal periods in violation of California law. Plaintiffs also allege that Section 16.7 of the CBA states that it was the policy and procedure of Mirant that Plaintiffs take any break at their "workstation" and, on that basis, allege that they have been denied off duty rest periods as required by California law.

17. Mirant asserts that Section 16.5 of the CBA is a valid agreement that complies with California law. In Section 16.5 of the CBA, Local 1245 has executed a written agreement for "an on-the-job paid meal period" that is permissible under and complies with California law. A CBA may lawfully require on duty meal periods if (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the CBA contains a written agreement for "an on-the-job paid meal period." IWC Wage Order 1, Section 11(C). A union may act on behalf of its members in entering on duty meal period agreements or other agreements that are permitted under the California Labor Code. The nature of the work of Power Plant Technicians at times prevents them from being relieved of all duty. IBEW Local 1245 has entered a written agreement, on behalf of Plaintiffs and other Power Plant Technicians, that allows on-duty paid meal periods. Mirant further asserts that IBEW Local 1245 has agreed, for the benefit of its members, to waive the second meal periods for shift employees who work at least ten and not more than twelve hours per day, and that such agreement is expressly permitted by California law.

18. Mirant also asserts that Section 16.7 of the CBA is a valid agreement that complies with California law. No provision of the California Labor Code or any applicable Wage Order prohibits rest periods from being taken at a workstation as Mirant and IBEW Local 1245 have agreed.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

**(Declaratory Relief under 28 U.S.C. § 2201(a))**

19. Mirant re-alleges and incorporates by reference each of the allegations in Paragraphs 1 through 18 of this Counterclaim as if set forth fully herein.

20. In a case of actual controversy, any court of the Unites States is authorized by 28 U.S.C. Section 2201(a) to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.

DEF.'S COUNTERCLAIM FOR DECLARATORY RELIEF          Case No. C 07-05847 PJH

21. An actual controversy has arisen between Plaintiffs and IBEW Local 1245, on the one hand, and Mirant, on the other hand. The parties dispute the validity of a contract and dispute the meaning of terms of a contract. Declaratory relief is also required to determine Mirant's rights and obligations with respect to the claims asserted by Plaintiffs in their Complaint.

22. In their Complaint, Plaintiffs allege that Sections 16.5 and 16.7 of the CBA and the agreement regarding waiver of second meal periods between Mirant and IBEW Local 1245 violate California law. Plaintiffs seek remedies from Mirant for the alleged violations. Although it voluntarily entered into these agreements, IBEW Local 1245 also now contends that the agreements are unlawful. Mirant disagrees and asserts that the agreements are valid and comply with California law. The parties dispute the interpretation of these provisions and thus require an interpretation of the CBA and other agreements between the parties, and a determination as to their respective rights and obligations with respect thereto.

23. This matter is within the Court's jurisdiction under 28 U.S.C. Section 1367(a) and 29 U.S.C. Section 185(a).

24. Mirant therefore requests declaratory relief stating that Sections 16.5 and 16.7 of the CBA and the agreement regarding waiver of second meal periods were and are enforceable and not inconsistent with or in violation of any California statute or administrative regulation.

**PRAYER FOR RELIEF**

WHEREFORE, Counter-Claimant Mirant prays for judgment and relief as follows:

1. For an order declaring that Sections 16.5 and 16.7 of the CBA and the agreement regarding waiver of second meal periods were and are enforceable and not inconsistent with or in violation of any California statute or administrative regulation;

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

5.

DEF.'S COUNTERCLAIM FOR DECLARATORY RELIEF                Case No. C 07-05847 PJH

2. For reasonable attorneys' fees and costs of suit herein; and

3. For such further or other relief as the Court deems just and proper.

Dated: November 28, 2007

                                   /s/
MARGARET HART EDWARDS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
MIRANT CALIFORNIA, LLC

Firmwide:83713909.3 049353.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

6.

DEF.'S COUNTERCLAIM FOR DECLARATORY RELIEF        Case No. C 07-05847 PJH