CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
DAN L. GILDOR (Bar No. 223027)
42 Miller Avenue, Mill Valley, CA 94941
Tel:     (415) 381-5599
Fax:    (415) 381-5572
E-Mail:  jon@chavezgertler.com
         dgildor@chavezgertler.com

LAW OFFICE OF DANIEL B. SIEGEL
DANIEL B. SIEGEL (Bar No. 160742)
2418 Woolsey Street
Berkeley, CA 94705
Tel.    (510) 684-5580
Fax:    (510) 540-5840
E-Mail:  siegeldb@pacbell.net

Attorneys for Plaintiffs and Counter-Defendants,
Jerry Mitchell, Eddie Williams, Jr., Edward S. Medina,
David Walters and the Proposed Plaintiff Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JERRY MITCHELL, EDDIE WILLIAMS, JR., EDWARD S. MEDINA, and DAVID WALTERS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIRANT CALIFORNIA LLC, a Delaware Corporation, and DOES 1 to 50,<br><br>Defendants. | Case No:  C 07-05847 PJH<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM, MOTION TO REMAND, AND REQUEST FOR FEES** |
| MIRANT CALIFORNIA, LLC, a Delaware Limited Liability Company,<br><br>Counter-Claimant,<br><br>v.<br><br>JERRY MITCHELL, EDDIE WILLIAMS, JR., EDWARD S. MEDINA, DAVID WALTERS and THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 1245,<br><br>Counter-Defendants. | |

1       This matter having come before the Court on Plaintiffs' motion to remand and Plaintiffs' motion to dismiss Defendant Mirant California LLC's counterclaim, and the Court having fully considered the matter and good cause appearing hereby ORDERS as follows:

    1.    Plaintiffs' Motion to Dismiss Defendant Mirant California LLC's Counterclaim is GRANTED and said counterclaim is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. Counterclaimant has failed to meet its burden and such failure cannot be cured by amendment given that this Court lacks original jurisdiction over Plaintiffs' complaint such as to be able to exercise jurisdiction over this or any counterclaim. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002). Furthermore, even if the Court did have jurisdiction over Plaintiffs' complaint, it would not have jurisdiction over the counterclaim as it seeks declaratory relief in the absence of any allegations of a breach of a collective bargaining agreement. See Textron Lycoming Reciprocating Engine Div. v. United Auto., 523 U.S. 653, 658 (1998). Lastly, the Court declines to exercise its supplemental jurisdiction given that there is no underlying jurisdiction upon which to base such an exercise. See 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

    2.    Plaintiffs' Motion to Remand is GRANTED. Section 301 of the LRMA, 29 U.S.C. § 185(a), does not apply in this context. Associated Builders & Contractors v. Local 302 IBEW, 109 F.3d 1353, 1357 (9th Cir. 1997). Plaintiffs have alleged solely state-law causes of action that do not require any interpretation of any collective bargaining agreement. Accordingly, Plaintiffs' claims are not preempted, leaving no federal question before this Court. Id. The case is accordingly REMANDED and the Clerk of the Court is directed to return all case files to the San Francisco County Superior Court forthwith.

    3.    Plaintiffs' Request for Fees is GRANTED. Defendant's removal was objectively unreasonable as federal jurisdiction plainly does not lie on the face of Plaintiffs' complaint. An award of fees, therefore, is appropriate. Patel v. Del Taco, Inc., 446 F.3d 996, 1000 (9th Cir. 2006). The Court has reviewed the declarations submitted in association with the request and finds that the hourly rates requested by Plaintiffs are reasonable. The Court also finds that the number of hours expended by Plaintiffs in seeking to remand the case are also reasonable given

1

1  the complexity and multiplicity of the issues presented by Defendant's objectively unreasonable
2  removal.  Accordingly, Defendant is hereby ORDERED to pay Plaintiffs' attorneys' fees and
3  costs in the amount of $_____ within 30 days of the entry of this Order.
4      IT IS SO ORDERED.

7  Dated: _____      _____
                                    HON. PHYLLIS J. HAMILTON
                                    DISTRICT COURT JUDGE