1  PHILIP C. MONRAD (State Bar No. 151073)
   pmonrad@leonardcarder.com
2  JENNIFER L. MARSTON (State Bar N0. 250018)
   jmarston@leonardcarder.com
3  LEONARD CARDER, LLP
4  1330 Broadway, Suite 1450
   Oakland, CA 94612
5  Telephone:   (510) 272-0169
6  Facsimile:   (510) 272-0174

7  Attorneys for Counter-
   Defendant IBEW 1245
8

9

10                 UNITED STATES DISTRICT COURT
11               NORTHERN DISTRICT OF CALIFORNIA
                    SAN FRANCISCO DIVISION
12

13  JERRY MITCHELL, EDDIE WILLIAMS,        )   Case No. C 07-05847 PJH
    JR., EDWARD S. MEDINA, and DAVID       )
14  WALTERS, individually and on behalf of )   COUNTER-DEFENDANT IBEW 1245's
15  all others similarly situated,         )   MOTION TO DISMISS OR STRIKE
           Plaintiffs,                     )   COUNTERCLAIM FOR LACK OF
16  v.                                     )   JURISDICTION AND FAILURE TO JOIN
                                           )   NECESSARY OR PROPER PARTY;
17  MIRANT CALIFORNIA, LLC, a              )   MEMORANDUM OF POINTS &
18  Delaware Corp., and Does 1 to 50,      )   AUTHORITIES
           Defendants.                     )
19  _____   )   (Fed. Rules Civ. Proc. 12(b)(1), 19 & 20)
                                           )
20                                         )
    MIRANT CALIFORNIA, LLC, a              )
21  Delaware Limited Liability Company,    )   Date: February 22, 2008
           Counter-Claimant,               )   Time: 9:00 am
22  v.                                     )   Courtroom: 3
                                           )   Judge: Honorable Phyllis Hamilton
23  JERRY MITCHELL, EDDIE WILLIAMS,        )
24  JR., EDWARD S. MEDINA, DAVID           )
    WALTERS and THE INTERNATIONAL          )
25  BROTHERHOOD OF ELECTRICAL              )
    WORKERS LOCAL 1245,                    )
26         Counter-Defendants.             )
27  _____   )

28

    IBEW 1245 MOTION TO DISMISS: Case No. C 07-05847 PJH

1

TABLE OF CONTENTS

2  MOTION TO DISMISS OR STRIKE COUNTERCLAIM ........................................................... 1

3  RELIEF REQUESTED.................................................................................................................... 1

4  POINTS AND AUTHORITIES .................................................................................................... 1

5  ISSUES TO BE DECIDED ............................................................................................................ 1

6  FACTS AND PROCEDURAL POSTURE.................................................................................... 2

7  INTRODUCTION .......................................................................................................................... 2

   ARGUMENT ................................................................................................................................... 4

8
   I. Standard for reviewing a motion to dismiss for lack of jurisdiction........................................ 4

9
   II. Section 301 of the LMRA provides no original jurisdiction over this Counterclaim. ........... 4

10
     A. Federal question jurisdiction cannot be established in a Counterclaim............................. 5

11   B. There is no LMRA Section 301 jurisdiction over this Counterclaim because neither the
12   Counterclaim nor Plaintiffs' underlying claims require interpretation of the CBA. ............... 6

13   C. Mirant's Claim for Declaratory Relief regarding the CBA does not create federal
     question jurisdiction under LMRA Section 301................................................................. 10

14   III. There is no supplemental jurisdiction over this Counterclaim because there is no original
15   jurisdiction over Plaintiffs' underlying claim and if there were it should be declined. ........... 12

16   A. There is no supplemental jurisdiction here, when the underlying claims which the
17   Counterclaim purports to "supplement" lack subject matter jurisdiction............................. 12

18   B. Even If Supplemental Jurisdiction Were Available, the Court Should Exercise Its
     Discretion Not To Assert Supplemental Jurisdiction Over the Counterclaim as to Local
19   1245. .................................................................................................................................. 13

20   IV. Mirant cannot join Local 1245 to this action via this Counterclaim because the
     Counterclaim is not proper against Plaintiffs, and Local 1245 is neither a necessary or proper
21   party to this lawsuit. ........................................................................................................... 16

22   A. Local 1245 cannot be joined via this Counterclaim, because it is not a proper
23   Counterclaim against Plaintiffs. .......................................................................................... 16

24   B. Local 1245 is neither a necessary or proper party to this lawsuit.................................... 17

25   1. Local 1245 is not a necessary party subject to compulsory joinder. ............................. 17

26   2. Local 1245 is not a proper party subject to permissive joinder. .................................... 21

27   CONCLUSION............................................................................................................................... 23

28

1

TABLE OF AUTHORITIES

2 **Federal Cases**

3   491 F.3d 1053 (9th Cir. 2007) ....................................................................................... 6, 7, 9, 10

4   Acree v. Tyson Bearing Co., 2002 WL 463262 (2002, W.D. Ky) ............................................... 21

5   AFL-CIO, 396 F.Supp.2d 1306 (M.D. Fla, 2005) ......................................................................... 5

6   Allis Chalmers Corp. v. Lueck, 471 U.S. 202 (1985) .................................................................. 3, 6

7   Balcorta v. Twentieth Century Fox Film Corp., 208 F.3d 1102, ................................................... 7

8   Bonilla v. Starwood Hotels, 407 F.Supp.2d 1107 (C.D.Cal., 2005) ............................................. 8

9   City of Chicago v. International College of Surgeons, 522 U.S. 156(1997) ................................ 14

10  Cramer v. Consolidated Freightways, Inc., 255 F.3d 683 (9th Cir. 2001) ............................... 9, 10

11  Daily v. Federal Insurance Co., 2005 WL 14734 (N.D. Cal., Hamilton, J. 2005)............ 15, 17, 18

12  Disabled Rights Action Committee v. Las Vega Events, 375 F.3d 861(9th Cir. 2004) ............... 17

13  Dunlop v. Beloit College, 411 F.Supp. 398 (W.D. Wis. 1976) .............................................. 20, 21

14  Executive Software No. America, Inc. v. United States Dist. Ct., 24 F.3d 1545

15      (9th Cir. 1994) ....................................................................................................................... 13

16  Forsberg v. Pacific N.W. Bell Telephone Co., 622 F.Supp. 1147 F.Supp. 1147

17      (D.Ore., 1985) ........................................................................................................................ 21

18  Grant v. McDonnell Douglas Corp., 163 F.3d 1136 (9th Cir. 1998) ............................................ 7

19  Gregory v. SCIE, LLC, 317 F.3d 1050(9th Cir. 2003) ................................................................. 7

20  Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802(9th Cir. 2001) ....................... 3, 12

21  Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc. 533 U.S. 826(2002) ................. 3, 5

22  J.F. Edwards Constr. Co. v. International Union of Operating Eng'rs, 2004 WL 1444874

23      (N.D. Ill. 2004) ...................................................................................................................... 11

24  KOFOED v. Rosendin Electric, Inc., 157 F.Supp.2d 1152 (D. Ore.,2001) .................................. 7

25  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375(1994) ......................................... 4

26  Lanza v. Ashcroft, 389 F.3d 917(9th Cir. 2004) ........................................................................... 4

27  Scott v. City of New York, 340 F.Supp. 371 (S.D. N.Y, 2004) ................................................... 19

28  Steckman v. Hart Brewing, Inc., 143 F.3d 1293(9th ....................................................................... 4

1  Textron Lycoming Reciprocating Engine Div., AVCO Corp. v. UAW, 523 U.S. 653 (1998) 3, 11

2  UFCW, Local 1564 v. Albertson's, Inc., 207 F.3d 1193(10th Cir. 2000)...................................... 11

3  United Mine Workers v. Gibbs, 383 U.S. 715(1966) ..................................................................... 12

4  Valles v. Ivy Hill Corp., 410 F.3d 1071(9th Cir. 2005)................................................... 7, 8, 21, 22

5  Visa U.S.A., Inc. v. First Data Corp., 2006 WL 516662(N.D. Cal. 2006) .................................... 12

6  W. Mining Council v. Watt, 643 F.2d 618(9th Cir. 1981) ............................................................... 4

**Federal Statutes**

28 U.S.C. § 1331 ..................................................................................................................... 3, 5, 6

28 U.S.C. Section 1337........................................................................................................... 13

28 U.S.C. § 1367........................................................................................................................ 12, 13

28 U.S.C. § 1367(a) ..................................................................................................................... 12

29 U.S.C. Section 185(a) ............................................................................................................... 4

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(1) ..........................................................................................1

Federal Rule of Civil Procedure 13(a)16 ........................................................................................16

Federal Rule of Civil Procedure 19 ...............................................................................................16

Federal Rule of Civil Procedure 20 ...............................................................................................21

1

## MOTION TO DISMISS OR STRIKE COUNTERCLAIM

2      International Brotherhood of Electrical Workers, Local 1245, ("Local 1245") hereby
3  gives notice of its motion, and does hereby move this Court for an Order dismissing the
4  Counterclaim against Local 1245 by defendant Mirant Corporation, LLC ("Mirant"), pursuant to
5  Federal Rule of Civil Procedure 12(b)(1), or in the alternative, for an Order striking the
6  Counterclaim as against Local 1245, for failure to join a necessary or proper party, pursuant to
7  Rules 19 and 20.

8      This motion will be heard on February 22, 2008 at 9:00 a.m., or as soon thereafter as
9  counsel may be heard, or at such other time as the Court may order, in Courtroom 3 of the
10  United States District Court for the Northern District of California, located at 450 Golden Gate
11  Avenue, San Francisco, California, 94102. This motion is supported by the following
12  Memorandum of Points & Authorities, the declaration of Philip C. Monrad filed herewith, and
13  such additional material or argument that may be presented at or before the hearing.

14

15

## RELIEF REQUESTED

16      This motion requests the Court to issue an Order dismissing the Counterclaim against
17  Local 1245 for lack of subject matter jurisdiction.   Alternatively, the motion requests the Court
18  to issue an Order striking the Counterclaim as against Local 1245, for failure to join a necessary
19  or indispensable party.  Local 1245 will present a proposed Order with its reply brief.

20  _____

21

## POINTS AND AUTHORITIES

22

23

## ISSUES TO BE DECIDED

24      1. Whether Mirant has met its burden of establishing that this Court has subject matter
25  jurisdiction over the Counterclaim filed against Local 1245.

26      2. Whether Mirant has met its burden of establishing that Local 1245 is a necessary or
27  proper party subject to compulsory or permissive joinder.

28

**FACTS AND PROCEDURAL POSTURE**

Local 1245 is the exclusive collective bargaining representative for certain employees of Mirant, including Plaintiffs in this matter. Local 1245 and Mirant have executed a collective bargaining agreement ("CBA") governing the terms and conditions of Plaintiffs' employment, to the extent that the terms of such CBA are not inconsistent with state or federal law. Declaration of Philip C. Monrad In Support of Motion to Dismiss ("Monrad Dec."), ¶ 2.

According to the documents in the Court file in this matter, Plaintiffs filed the instant action in state court on October 17, 2007. Mirant removed the action to federal court on November 19, 2007.

On or about November 29, 2007, Mirant delivered to Local 1245 a Summons and Mirant's Counterclaim for Declaratory Relief which is the subject of this motion. On November 30, 2007, Philip Monrad, Counsel for IBEW Local 1245, spoke with Margaret Edwards, counsel for Mirant. Mr. Monrad agreed to accept service of the Summons and Counterclaim on behalf of Local 1245. Ms. Edwards agreed to extend to January 11, 2007 the time for Local 1245 to respond to the Counterclaim. Monrad Dec. ¶ 3.

**INTRODUCTION**

This lawsuit involves a claim by individuals pursuing a purely state law claim against their employer, Mirant, for violation of meal and rest breaks required by California Labor Code statutes and the California Industrial Welfare Commission's Wage Orders. As a defense, Mirant claims that the collective bargaining agreement ("CBA") between Mirant and Local 1245 either waives Plaintiffs' statutory right to meal and rest breaks, or alternatively, provides a written agreement making an on-duty meal period lawful under California law.

Defendant Mirant relies further on this CBA to remove this lawsuit to federal court, on the theory that resolving this dispute requires interpretation of the CBA, and hence is preempted by Section 301 of the federal Labor-Management Relations Act ("LMRA"). Finally, Mirant has filed a Counterclaim against Local 1245 itself, claiming that Local 1245 is a necessary and indispensable party to its request for a judicial declaration that the CBA is "enforceable and not inconsistent with or in violation of any California statute or administrative regulation."

1   Mirant's Counterclaim lacks federal subject matter jurisdiction for a host of reasons.
2   First, a Counterclaim –even if it states a clear federal question -- does not "arise under" federal
3   law, as required by 28 U.S.C. § 1331 to establish federal question jurisdiction. *Holmes Group,*
4   *Inc. v. Vornado Air Circulation Systems, Inc.* 533 U.S. 826, 831 (2002).

5   Moreover, Mirant's Counterclaim does not state a claim over which this Court has
6   jurisdiction. That is because LMRA Section 301 jurisdiction does not lie over a claim, such as
7   this, which seeks only declaratory relief as to the validity of a CBA, without any claim that any
8   party breached the CBA. *Textron Lycoming Reciprocating Engine Div., AVCO Corp. v. UAW,*
9   523 U.S. 653 (1998).

10   There is *also* no federal question jurisdiction over this Counterclaim under LMRA
11   Section 301 because that Section preempts state law claims only if the *Plaintiffs'* claim requires
12   *interpretation* of a CBA. *Allis Chalmers Corp. v. Lueck,* 471 U.S. 202, 208-13 (1985). And
13   despite Mirant's conclusory claims to the contrary, adjudication of Plaintiffs' claims (or for that
14   matter, Mirant's defenses or this Counterclaim) requires only *reference to* the plain and
15   undisputed terms of the CBA at issue here. And mere reference to this CBA does not permit
16   converting Plaintiffs' purely state law claims into a federal claim under Section 301.

17   Mirant's assertion of *supplemental* jurisdiction is equally without basis, because it is well
18   established that "supplemental jurisdiction may only be invoked when the district court has a
19   hook of original jurisdiction on which to hang it." *Herman Family Revocable Trust v. Teddy*
20   *Bear,* 254 F.3d 802, 805 (9th Cir. 2001). And Mirant cannot establish original jurisdiction over
21   the underlying claims in this lawsuit for the same reason there is no jurisdiction over its
22   Counterclaim. The underlying claims in this action simply do not require any *interpretation* of
23   the CBA. Accordingly, those claims are not subject to LMRA Section 301 preemption – the
24   only claim for original jurisdiction which Mirant asserts – and Mirant's claim for supplemental
25   jurisdiction over the Counterclaim fails as well.

26   For these reasons, this Counterclaim against Local 1245 should be dismissed for lack of
27   original or supplemental jurisdiction. It should *also* be dismissed or struck, as against Local
28   1245 because Local 1245 is neither necessary or proper party to this action. Hence this

1 Counterclaim should be dismissed for lack of jurisdiction or, in the alternative should be struck

2 as against Local 1245 for failure to join a necessary or proper party.

3

4

## ARGUMENT

5 Mirant claims this Court has both original federal question subject matter jurisdiction

6 over this Counterclaim, and supplemental jurisdiction as well. Mirant cannot meet its burden of

7 showing that either of these bases for jurisdiction are present.

8

### I. Standard for reviewing a motion to dismiss for lack of jurisdiction.

9 It is fundamental that federal courts are courts of limited jurisdiction. They can

10 adjudicate only those cases which the Constitution or Congress authorize them to adjudicate.

11 *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, federal courts

12 are presumptively without jurisdiction over civil cases, and the burden of establishing the

13 contrary rests upon the party asserting jurisdiction. *Id.*, at 377. See also *Lanza v. Ashcroft*, 389

14 F.3d 917, 930 (9th Cir. 2004).

15 Courts reviewing a motion to dismiss for lack of jurisdiction are "not required to accept

16 as true conclusory allegations which are contradicted by documents referred to in the complaint."

17 *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96(9th Cir. 1998), and "[w]e do not ...

18 necessarily assume the truth of legal conclusions merely because they are cast in the form of

19 factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

20

21 **II. Section 301 of the LMRA provides no original jurisdiction over this**

22 **Counterclaim.**

23 Mirant asserts original federal question jurisdiction of this Counterclaim based

24 exclusively on LMRA Section 301. Specifically, Mirant asserts:

25 This Court has original jurisdiction under Section 301(a) of the Labor-
Management Relations Act ("LMRA), 29 U.S.C. Section 185(a), because

26 *[1]* this Counterclaim seeks interpretation of the ... CBA between Mirant and
Counter-Defendant ... IBEW Local 1245 and

27 *[2]* requests a declaratory judgment as to rights and obligations under the CBA."

28

Counterclaim at ¶ 2, highlighted *[1]* and *[2]* added.

1

2      As demonstrated below, neither of these assertions establishes federal question

3    jurisdiction. But as a threshold matter, it is important first to recognize that a *Counterclaim*

4    cannot, by itself, establish federal question jurisdiction, even if both of the assertions highlighted

5    above were true.

6        **A. Federal question jurisdiction cannot be established in a**

7    **Counterclaim.**

8      It is well settled that a defendant cannot create federal question jurisdiction simply by

9    filing a Counterclaim, even if that Counterclaim itself raises a federal question. That is because

10   Counterclaims do not "arise under" federal law, as required by 28 U.S.C. § 1331 for a court to

11   exercise federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Systems,*

12   *Inc.* 533 U.S. 826, 831 (2002); *Law Fabrication, LLC v. Local 15, Sheet Metal Workers, [etc.]*

13   *AFL-CIO*, 396 F.Supp.2d 1306, 1310, fn.3 (M.D. Fla, 2005); *Wm. Schwarzer, et al*, Federal Civil

14   Procedure Before Trial, ¶ 8.297.

15     Thus, according to the "well-pleaded complaint" rule, a federal question must appear in

16   the Complaint itself. A defendant cannot generate jurisdiction by making a federal claim in a

17   Counterclaim. To allow otherwise "would allow a defendant to remove a case brought in state

18   court under state law, thereby defeating a Plaintiff's choice of forum, simply by raising a federal

19   Counterclaim." *Holmes*, 533 U.S. at 826.

20     In short, this Court's original jurisdiction over Mirant's Counterclaim depends on Mirant

21   first showing that Plaintiff's Complaint is subject to federal question jurisdiction, and then *also*

22   showing that the Counterclaim is subject to federal question jurisdiction as well. Mirant does not

23   even attempt to make the first showing, but it is clear as a matter of law that Mirant cannot show

24   either that Plaintiffs' Complaint *or* Mirant's Counterclaim are subject to original federal question

25   jurisdiction under LMRA Section 301, for the same reason – neither of them require

26   interpretation of the CBA between Local 1245 and Mirant.

27

28

1
2
3

**B. There is no LMRA Section 301 jurisdiction over this Counterclaim because neither the Counterclaim nor Plaintiffs' underlying claims require interpretation of the CBA.**

4
5
6
7
8

Mirant's first claim for original jurisdiction under LMRA Section 301 is based on its conclusory claim that "*this Counterclaim seeks interpretation of the CBA*." This assertion is, indeed, essential to establishing federal question jurisdiction under LMRA Section 301, both for Plaintiffs' underlying claim, and also for Mirant's Counterclaim. But this assertion is patently false, as a matter of law.

9
10
11
12
13
14
15
16
17
18

Mirant's claim that "this Counterclaim seeks interpretation of the CBA" is essential to its claim for Section 301 jurisdiction because Plaintiffs' Complaint states only California Labor Code claims. The only way those claims can possibly be characterized as "arising under"[1] federal law is if they fall within the line of "Section 301 preemption" cases based on *Allis Chalmers Corp. v. Lueck*, 471 U.S. 202, 208-13 (1985). As recently confirmed by the Ninth Circuit, these cases hold that state law claims will be treated as claims "arising under" LMRA Section 301: 1) "if the asserted state right exists solely as a result of [a] CBA" or 2) "if . . . the right exists independently of the CBA . . . [it] is nevertheless ***substantially dependent on analysis of a [CBA]*.*" *Burnside v. Kiewitt Pacific Corp.* 491 F.3d 1053, 1059 (9th Cir. 2007), emphasis added.

19
20
21
22
23

Mirant's claim that "this Counterclaim seeks interpretation of the CBA" is intended to trigger this second prong of Section 301 preemption. But Mirant overlooks the fundamental principal that, "to determine whether a state law right is "substantially dependent" on the terms of a CBA . . . the [Supreme] Court directs us to decide whether the claim can be resolved by "***look[ing] to***" versus ***interpreting*** the CBA." *Id.*, 491 F.3d at 1060, emphasis added.

24
25
26
27
28

---

[1] Although Mirant's Counterclaim fails to mention this statute, Mirant's claim for original jurisdiction under LMRA § 301 necessarily depends on the federal question jurisdiction statute at 28 U.S.C. § 1331, which authorizes federal courts to exercise jurisdiction over civil actions "arising under" federal law.

1    This distinction is crucial: "Our [Ninth] circuit has repeatedly frowned upon defendants

2   who have invoked tangentially related CBA provisions in a strained and transparent effort to

3   extinguish state-law claims via preemption." *Id.*, 491 F.3d at 1072.[2]  For example:

4        Were we to conclude that [CBA] language such as that in paragraph 14 [of CBA] which
         has an eminently plain meaning, required interpretation to understand, then nearly every
5        state law claim that required reading of any portion of a [CBA] would likely be
         completely preempted.  So holding would directly contravene the Supreme Court's
6        requirement that the term "interpretation" not be construed broadly to cover instances in
7        which a [CBA] is merely consulted."

8   *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1110, fn.14 (9th Cir. 2000)).

9        Likewise:

10       § 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual
11       employees as a matter of state law. . . .  [W]hen the meaning of contract terms is not the
         subject of dispute, the bare fact that a [CBA] will be *consulted* in the course of state-law
12       litigation plainly does not require the claim to be [preempted] .  Thus, in order for
         complete preemption to apply, *the need to interpret the CBA must inhere in the nature of*
13       *the Plaintiff's claim*.  If the claim is plainly based on state law, § 301 preemption is not
14       mandated simply because the defendant *refers to* the CBA in mounting a defense.

15  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071,1076 (9th Cir. 2005), citations omitted, emphasis added.

16       Based on this distinction between *interpreting* vs. *looking to*  or *referring to* a CBA, the

17  cases cited above and numerous other decisions within the Ninth Circuit have held that cases by

18
    employees working under a CBA and alleging state-law meal and rest break and other Labor
19
20  Code claims are not preempted by Section 301.[3]

21

22       [2]  State law claims properly preempted by Section 301 preemption are not thereby
23  necessarily "extinguished."  Rather, such claims are "converted" into actions under Section 301
    – and thus subject to that Statute's six month statute of limitations, which has the practical
24  effective of "extinguishing" many state law claims as time barred  (*see, e.g., KOFOED v.*
    *Rosendin Electric, Inc.*, 157 F.Supp.2d 1152 (D.Ore. 2001), citing *Grant v. McDonnell Douglas*
25  *Corp.*, 163 F.3d 1136,  1138 (9th Cir. 1998).
         [3]  *See, e.g., Valles*, 410 F.3d at 1076  (meal, rest break claims); *Balcorta*, 208 F.3d at
26  1109 (waiting time penalties); *Burnside*, 491 F.3d at 1074 (travel time pay); *Gregory v. SCIE,*
27  *LLC*, 317 F.3d 1050, 1052-53 (9th Cir. 2003) (Overtime claim: "Gregory's overtime claim is
    based entirely on state law.  There is no dispute over the terms of the CBA or its interpretation.
28  While overtime is calculated in accordance with the terms of the CBA, this case involves no
    issue concerning the *method* of calculation."); *Cramer v. Consolidated Freightways, Inc.*, 255

1    These decisions underscore the fundamental flaw in Mirant's claim for Section 301

2  jurisdiction. Despite its conclusory claim that "this Counterclaim seeks interpretation of the

3  CBA," there is, in fact, no need to *interpret* the CBA between Mirant and Local 1245 to

4
5  adjudicate Mirant's Counterclaim – or, for that matter to adjudicate Plaintiff's claims, which

6  present the same issues as the Counterclaim, in reverse.

7    To the contrary, all of these pleadings simply *refer* to the CBA, which by its plain,

8  undisputed terms provides that "[t]time to consume meals for shift employees shall be

9
10  considered as time worked" and "[m]eals will be taken at the work station or as directed by the

11  supervisor" (Complaint, ¶ 20, quoting § 16.5 of CBA), and "rest periods are 'to be taken at his or

12  her workstation . . ." *Id.*, ¶ 24, quoting ¶ 24 of CBA.

13    Mirant's Counterclaim simply quotes the same CBA language that is quoted in Plaintiffs'

14  Complaint. *See* Counterclaim, ¶¶ 12 & 14. Indeed, even Mirant's Answer to Plaintiffs'

15  Complaint, including its Affirmative Defenses, simply *refer to* the same CBA terms. *See*,

16
17  Answer, ¶¶ 20, 24, 37, 48, Aff. Defs. ¶¶ 8 & 9.

18    Although Mirant has the burden of showing federal question jurisdiction, its

19  Counterclaim makes only two conclusory claims purporting to show the basis for Section 301

20  preemption. Counterclaim Paragraph No. 2 states: "This Counterclaim seeks interpretation of

21  the ... CBA between Mirant and ... Local 1245." And Paragraph No. 21 states: "The parties

22  dispute the validity of a contract and dispute the meaning of terms of a contract."

23

24

25  F.3d 683, (9th Cir. 2001) (privacy claims: "A state law claim is not preempted under § 301 unless

26  it necessarily requires the court to interpret an existing provision of a CBA that can reasonably
     be said to be relevant to the resolution of the dispute."); *Bonilla v. Starwood Hotels*, 407

27  F.Supp.2d 1107, 1112 (C.D.Cal., 2005)(meal, rest break claims: "Plaintiffs claims by

28  themselves do not require an analysis of the CBA. Only defendant's waiver defense requires
     reference to the CBA, which does not trigger Section 301 preemption.").

1   But nowhere in Mirant's Counterclaim, or in its Answer does Mirant identify any term of

2   the CBA which is disputed or ambiguous, or otherwise in need of interpretation. Indeed, the only

3   relief sought in Mirant's Counterclaim is

4       For an Order declaring that Sections 16.5 and 16.7 of the CBA and the agreement
        regarding waiver of second meal periods were and are enforceable and not inconsistent
5       with or in violation of any California statute or administrative regulations.

6   Counterclaim, Prayer For Relief, ¶ 1.

7       Conspicuously lacking from this Prayer -- or any other part of Mirant's Counterclaim or

8   Answer -- is any request that the court interpret the meaning of any term in the CBA, or that the

9   Court resolve any dispute about what CBA terms mean. The only reference Mirant makes

10  anywhere in this litigation to any term that requires interpretation is its assertion in its Notice of

11  Removal that:

12      The CBA must be interpreted to determine whether Section 16.5 applies to Plaintiffs
13      and/or any members of the putative class, which depends on whether each is a "[s]hift
        employee" within the meaning of the CBA.
14

15  Notice of Removal, ¶ 19.

16      But identifying "shift employee" as a CBA term needing interpretation is precisely the

17  type of "strained and transparent effort to extinguish state-law claims via preemption" that the

18  Ninth Circuit "has repeatedly frowned upon." *Burnside*, 491 F.3d at 1072.   It is also the very

19  type of "hypothetical connection" rejected in *Cramer v. Consolidated Freightways, Inc.*, 255

20  F.3d 683, (9th Cir. 2001):

21      [A]lleging a hypothetical connection between the claim and the terms of the CBA is not
        enough to preempt the claim. . . . A creative linkage between the subject matter of the
22      claim and the wording of a CBA provision is insufficient; rather the proffered
        interpretation argument must reach a reasonable level of credibility.
23

24  *Cramer*, 255 F.3d at 691-92.

25      Mirant's half-hearted, conclusory reference to the term "shift employee" does not reach a

26  "reasonable level of credibility."  The following analysis in *Burnside* applies equally here:

27      Certainly, some amount of fact-finding will have to be done in this case to determine
        whether Kiewit actually required its employees to travel on Kiewit-owned and –operated
28      vehicles . . . The need for a "purely factual inquiry . . . [that] does not turn on the meaning

1     of any provision of a collective-bargaining agreement," however, is not cause for
2     preemption under section 301."

3   *Id.*, 491 F.3d at 1072.

4       Likewise here, the need to identify which employees of Mirant are "shift employees" is a
5   straightforward factual inquiry that manifestly does not make Plaintiffs' claims "substantially
6   dependent on analysis of a collective-bargaining agreement." *Id.*, 491 F.3d at 1059 & 1070.
7   Indeed, the term "shift employees" is clearly defined in Paragraph 16.5 of the CBA itself, and
8   that definition is quoted in Mirant's own Notice of Removal, as part of the very CBA provision
9   which Mirant claims needs interpreting. *See* Notice of Removal, quoting CBA, § 16.5.[4]

10      In sum, there is no dispute that neither Plaintiffs' Complaint, Mirant's Answer to the
11  Complaint, nor Mirant's Counterclaim is "substantially dependent on analysis of a collective-
12  bargaining agreement," as required for Section 301 preemption. *Burnside,* 491 F.3d at 1059.
13  Accordingly, there is no basis for Section 301 preemption of either the Counterclaim <u>or</u> of
14  Plaintiff's Complaint.

15          **C. Mirant's Claim for Declaratory Relief regarding the CBA does not**
16          **create federal question jurisdiction under LMRA Section 301.**

17      Mirant's second basis for claiming original federal question jurisdiction based on Section
18  301 is its assertion that the Counterclaim "requests a declaratory judgment as to rights and
19  obligations under the CBA." Counterclaim at ¶ 2. This assertion is equally unavailing in
20  helping Mirant meets its burden of showing federal question jurisdiction.
21  That is because as noted above, Mirant's Counterclaim seeks only the following judicial
22  declaration

23          that Sections 16.5 and 16.7 of the CBA and the agreement regarding waiver of second
24          meal periods were and are enforceable and not inconsistent with or in violation of any
25          California statute or administrative regulations.

26  Counterclaim, Prayer For Relief, ¶ 1.

27

28      [4]  "A shift employee works a job that is staffed with a rotating twenty-four (24) hour per
    day shift, on a seven (7) day a week basis, including holidays." *Id.*

1         This asserted basis fails for the same reason noted above – the declaratory relief sought

2  does not require interpretation of the CBA sections cited. But it *also* fails because a declaratory

3  relief claim seeking *only* a declaration of the validity or invalidity of a CBA, *without any claim*

4  *that the CBA has been breached*, does not create Section 301 jurisdiction. *Textron Lycoming*

5  *Reciprocating Engine Div., AVCO Corp. v. UAW*, 523 U.S. 653 (1998).

6         In *Textron*, a labor union sought declaratory relief that Textron fraudulently induced it to

7  sign a CBA, and thus, the agreement was voidable. The court held that federal subject matter

8  jurisdiction did not exist because, absent an allegation of breach of the agreement, such a suit is

9  not a "[s]uit for violation of contracts" as required for jurisdiction under LMRA Section 301. *Id.*

10  523 U.S. at 658. The Court explained that: "as far as the Union's complaint discloses, both

11  parties are in absolute compliance with the terms of the collective-bargaining agreement. *Section*

12  *301(a) does not lie over such a case.*" 523 U.S. at 658, emphasis added.

13         Relying on *Textron*, in a case closely analogous to this case, the Tenth Circuit held that a

14  federal court lacked subject matter jurisdiction over a Section 301 claim seeking a declaratory

15  judgment that a CBA violated the Fair Labor Standards Act, because it was not alleged that the

16  agreement had been breached or even that breach was imminent. *UFCW, Local 1564 v.*

17  *Albertson's, Inc.,* 207 F.3d 1193, 1196-97 (10th Cir. 2000) ("federal jurisdiction does not exist

18  by virtue of the fact that this case implicates a declaratory judgment suit challenging the validity

19  of a federally regulated collective bargaining agreement."); *see also, J.F. Edwards Constr. Co. v.*

20  *International Union of Operating Eng'rs*, 2004 WL 1444874, *3 (N.D. Ill. 2004) (no subject

21  matter jurisdiction for declaratory relief because § 301 requires "express allegations that the

22  collective bargaining agreement has been violated.").

23         Accordingly, there is no federal question jurisdiction under Section 301 over this

24  Counterclaim, both because it requires no interpretation of the CBA *and also* because it seeks

25  only declaratory relief regarding the validity of the CBA, without any allegation that the CBA

26  has been violated.

27

28

IBEW 1245 MOTION TO DISMISS: Case No. C 07-05847 PJH                               Page 11

1    **III. There is no supplemental jurisdiction over this Counterclaim because**

2    **there is no original jurisdiction over Plaintiffs' underlying claim and if there were it**

3    **should be declined.**

4    Mirant's Counterclaim asserts not only original federal question jurisdiction over the

5    Counterclaim pursuant to Section 301; it also asserts supplemental jurisdiction "under 28 U.S.C.

6
     Section 1367 because it arises out of the same transaction or occurrence that is the subject matter
7
8    of Plaintiffs . . . Complaint." Counterclaim, ¶ 1.[5] This basis for jurisdiction in this Court is

9    equally unavailable, and even if it were, it should be declined.

10   **A.  There is no supplemental jurisdiction here, when the underlying claims**

11   **which the Counterclaim purports to "supplement" lack subject matter jurisdiction.**

12
     The plain terms of Section 1367 require that Mirant can meet its burden of establishing
13
14   supplemental jurisdiction over this Counterclaim only if it first establishes that the Counterclaim

15   is supplemental to a "civil action *of which the [federal] district courts have original*

16   *jurisdiction*." 28 U.S.C. § 1367(a), emphasis added; *accord, United Mine Workers v. Gibbs*, 383

17
     U.S. 715, 725 (1966)("The federal claim must have substance sufficient to confer subject matter
18
19   jurisdiction on the court."). Or, as Judge White of this Court put it more succinctly:

20   "supplemental jurisdiction may only be invoked when the district court has a hook of original

21   jurisdiction on which to hang it." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802,

22
     805 (9th Cir. 2001); *accord, Visa U.S.A., Inc. v. First Data Corp.*, 2006 WL 516662, *7 (N.D.
23
24   Cal. 2006),

25   Mirant has no "hook of original jurisdiction on which to hang" supplemental jurisdiction

26   over this Counterclaim. That is because the only basis Mirant asserts for *original* jurisdiction

27
28   [5]   Because supplemental jurisdiction exists for state law claims, Mirant's assertion of
     supplemental jurisdiction assumes, necessarily, that its claim for original over its Counterclaim
     fails, and concedes that the Counterclaim is a state law claim.

1  over Plaintiffs' underlying Complaint is its assertion that the underlying action is preempted by

2  LMRA Section 301. *See Notice of Removal,* ¶ 6.[6]

3  But as demonstrated thoroughly above, there is no basis for Section 301 jurisdiction over

4
5  Plaintiff's Complaint because it does not require interpretation of the CBA. Accordingly, Mirant

6  fails in its burden of establishing supplemental jurisdiction over this Counterclaims, because it

7  cannot shows that the court has original jurisdiction over Plaintiffs' underlying claim.

8  **B. Even If Supplemental Jurisdiction Were Available, the Court Should**

9  **Exercise Its Discretion Not To Assert Supplemental Jurisdiction Over the Counterclaim as**

10
11  **to Local 1245.**

12  Even if this Court *could* exercise supplemental jurisdiction over this Counterclaim,

13  supplemental jurisdiction is discretionary and should not be exercised here. The supplemental

14  jurisdiction statute gives three specific reasons for declining supplemental jurisdiction, followed

15
16  by a "catch all" reason, for "other compelling reasons for declining jurisdiction." 28 U.S.C. §

17  1367.[7] The "catch all" basis for declining jurisdiction is to be applied to "accommodate the

18  values of economy, convenience, fairness, and comity" (*Executive Software No. America, Inc. v.*

19  *United States Dist. Ct.,* 24 F.3d 1545, 1552-55 (9th Cir. 1994), and allows declining supplemental

20  jurisdiction "on a host of factors . . . including the circumstances of the particular case, the nature

21
22  of the state law claims, the character of the governing state law, and the relationship between the

23  _____
24  [6]  Mirant's Notice of Removal at Paragraph 6 also refers to this action "as a suit arising under an [A]ct of Congress regulating commerce over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1337." But that "[A]ct of Congress" is presumably referring to
25  LMRA Section 301, and claims no basis for federal question jurisdiction other than Section 301.

26  [7]  "The district courts may decline to exercise supplemental jurisdiction . . . if -- (1) the
27  claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has
28  dismissed all claims over which it has original jurisdiction; (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367.

1  state and federal claims." *City of Chicago v. International College of Surgeons*, 522 U.S. 156,
2  172 (1997)

3
4      A "host of factors" do indeed militate against accepting supplemental jurisdiction here,
5  but two factors are sufficient to compel that result. First, considerations of judicial economy
6  argue against taking jurisdiction over Mirant's Counterclaim because it is superfluous and
7  redundant to the underlying claims, and adds nothing to this litigation other than unnecessary
8  pleading and – in Local 1245's case – unnecessary parties.

9
10     Plaintiffs' Complaint alleges that implementing specified terms of the CBA between
11  Local 1245 and Mirant results in a violation of state meal and rest break requirements. Mirant's
12  Answer denies that claim, and its Affirmative defenses assert the opposite – that the CBA either
13  waives Plaintiffs' rights to meal and rest breaks or provides a written agreement to on-duty meal
14  breaks which renders them lawful. Compare Complaint, ¶¶ 37 & 48 with Answer, ¶¶ 37 & 48,
15  Aff. Defenses, ¶¶ 8 & 9. These claims raise identical issues to the issues raised by the
16
17  Counterclaim.

18     Likewise, Plaintiffs' Fifth Cause of Action seeks declaratory relief that Mirant has
19  violated state law regarding meal and rest breaks, and "[a]ccordingly, Plaintiffs seek a
20  declaration as to the respective rights, remedies, and obligations of the parties." Complaint, ¶ 72.
21
22  Mirant's Counterclaim, seeks the mirror image declaratory relief, requesting "an Order declaring
23  that Section's 16.5 and 16.7 of the CBA and the agreement regarding waiver of second meal
24  periods were and are enforceable and not inconsistent with or in violation of any California
25  statute or administrative regulations." Counterclaim, Prayer, ¶ 1.

26     Since these cited sections of the CBA are the very contract provisions on which Mirant
27
28  relies in defending against Plaintiffs' claims, Mirant's Counterclaim essentially asks for

1   declaratory relief exactly opposite to that requested by Plaintiffs, and raises no new issues of fact

2   or law. In short, Mirant's Counterclaim against Plaintiffs is superfluous and redundant. This

3   Court struck a similarly redundant Counterclaim, quoting approvingly from Wright, Miller &

4
    Kane, as follows:
5

6       [W]hen [a] request for declaratory relief brings into question issues that already have
        been presented in Plaintiff's complaint and defendant's answer to the original claim, a
7       party might challenge the Counterclaim on the ground that it is redundant and a decision
        on the merits of Plaintiff's claim will render the request for declaratory judgment moot.
8

9   *Daily v. Federal Insurance Co.*, *6, 2005 WL 14734 (N.D. Cal., Hamilton, J. 2005), quoting
    Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d § 1406.
10

11      This analysis applies equally here, and calls for declining supplemental jurisdiction.

12  Adding Local 1245 as a party would needlessly encumber the court and the parties with an

13  entirely separate – yet superfluous – claim to resolve, and would needlessly add another party to

14  include in all proceedings in this case.

15
        Another reason to decline supplemental jurisdiction is because it would be unfair and
16

17  unnecessary to burden Local 1245 with the obligations of a party, when all the relief that is

18  sought by any party can be secured or denied without Local 1245's participation, and where

19  Local 1245 has no cognizable interest in demanding that its CBA be implemented in violation of

20  state laws. This conclusion is amply confirmed below, where we demonstrate that the rules for

21
    joinder of third parties do not allow joinder of Local 1245, as a necessary or proper party.
22

23      In sum, Mirant has the burden to show that federal jurisdiction exists, and that burden is

24  particularly high when it is asking the Court to exercise supplemental jurisdiction over a state

25  law claim that is superfluous, unnecessary and burdensome to the Court and all parties. Mirant

26  has not met that burden and supplemental jurisdiction over its Counterclaim should be denied.
27

28

1    **IV. Mirant cannot join Local 1245 to this action via this Counterclaim because**
2    **the Counterclaim is not proper against Plaintiffs, and Local 1245 is neither a**
3    **necessary or proper party to this lawsuit.**

4    Analyzing Mirant's Counterclaim through the lens of third party joinder rules confirms

5    that it must be dismissed or struck, for much the same reasons as noted above.  Specifically

6
7    Mirant's attempt to join Local 1245 fails because Local 1245 is neither a necessary or a proper

8    party.   Moreover, as a threshold matter, this attempt to join Local 1245 via Counterclaim fails

9    the basic requirements that any Counterclaim adding a third party must also include a valid

10   Counterclaim against "an opposing party" -- which this Counterclaim does not.

11

12   **A. Local 1245 cannot be joined via this Counterclaim, because it is not a**
13   **proper Counterclaim against Plaintiffs.**

14   By the plain language of Rule 13, a Counterclaim must state a claim for affirmative relief

15   against an *"opposing party."* Fed. R. Civ. Proc. 13(a) & (b), emphasis added.   Wm. Schwarzer,

16
17   et al, *Federal Civil Procedure Before Trial*, ¶ 8.246 (2007).   Third parties may be joined in a

18   Counterclaim according to the joinder rules set out in Rules 19 and  20 (Fed. R. Civ. Proc. 13(h)

19   – discussed below) but first the Counterclaim must state a valid claim against an opposing party

20   – which here can only be the Plaintiffs.  *Id*, ¶ 8.292.

21   But the Counterclaim does not state a valid claim against Plaintiffs for two reasons.  First,

22
23   there is no federal subject matter jurisdiction over the declaratory relief sought in the

24   Counterclaim against Plaintiffs, for the same reasons that there is no jurisdiction over that same

25   relief sought against Local 1245.   Mirant's Counterclaim for declaratory relief is sought

26   indivisibly against Plaintiffs and Local 1245.  Counterclaim, ¶¶ 20-22. And as demonstrated

27   thoroughly above, there is no subject matter jurisdiction over that Counterclaim for declaratory

28   relief, because it does not require interpretation of the CBA. This conclusion applies just as

1  strongly to the declaratory relief claim against Plaintiffs as it does to the claim against Local

2  1245.

3      Accordingly, Mirant has not stated a valid Counterclaim against Plaintiffs, for lack of

4
5  subject matter jurisdiction, and the Counterclaim against Local 1245 fails as well, for the simple

6  reason that it does not state a valid claim against "an opposing party."

7      The second reason why the Counterclaim does not state a proper claim against "an

8  opposing party" – and hence against Local 1245 -- is its failure to add anything at all to the

9
10  issues or relief requested in the Complaint.   As demonstrated above,  the Counterclaim is

11  entirely superfluous and redundant, and should be struck, as this Court struck the Counterclaim

12  in *Daily*, 2005 WL 14734 at *6.  Hence  this Counterclaim states no proper claim against "an

13  opposing party," as required by Rule 13(a) and (b).  Accordingly the Counterclaim necessarily

14  fails as against Local 1245 as well.

15
16              **B.  Local 1245 is neither a necessary or proper party to this lawsuit.**

17      Finally, the rules governing joinder of third parties provide yet another basis for

18  dismissing this Counterclaim, at least as against Local 1245 – again, for much the same reasons

19  as thoroughly demonstrated above.

20              **1.  Local 1245 is not a necessary party subject to compulsory joinder.**

21
22      Most certainly, Local 1245 is not a "necessary and indispensable party" subject to

23  compulsory joinder, as Mirant claims in Paragraph 9 of its Counterclaim.  First, Mirant's claim

24  (without citation) that "all parties are indispensable in an action to rescind any contractual

25  provision," even if true,[8] is irrelevant.  This action – including Mirant's Counterclaim -- is

26
27  _____

28      [8] It is *not* true that "all parties are indispensable in an action to rescind any contractual provision." *See, e.g., See Disabled Rights Action Committee v. Las Vega Events*, 375 F.3d 861, 879-82 (9th Cir. 2004) (rejecting joinder of UNLV as "necessary" party to ADA challenge to

1  manifestly *not* an action to rescind any contractual provision in the CBA between Local 1245

2  and Mirant. Rather, it is an action to enforce independent state law *irrespective of* the terms of

3  the CBA.

4

5      The CBA says what it says in unambiguous terms. Plaintiffs and Mirant have quoted

6  those terms correctly in their Complaint and Answer, and neither claims the CBA is being

7  violated. If those terms provide Mirant with a defense to Plaintiffs' state law claims, that can be

8  determined without dragging in Local 1245 as a party to the lawsuit. Indeed, the declaration

9  Mirant seeks is entirely superfluous, as Mirant can secure the same result with a judgment on

10  their defenses to Plaintiffs' claims. *See Daily,* 2005 WL 14734 at *6.

11

12      A party is "necessary" to an action (and hence subject to compulsory joinder only if:

13      (A) in that [party's] absence, the court cannot accord complete relief among existing
          parties; or
14      (B) that [party] claims an interest relating to the subject of the action and is so situated
15      that disposing of the action in the [party's] absence may:
              (i) as a practical matter impair or impede the [party's] ability to protect the
16          interest, or
17              (ii) leave an existing party subject to a substantial risk of incurring double,
          multiple or otherwise inconsistent obligations because of the interest.
18
19  Fed. Rule Civ. Proc. 19(a).

20      None of those requirements for determining a party to be "necessary" are met here. First,

21  the Court can "accord complete relief among existing parties" if Local 1245 is not a party to this

22  action. Plaintiffs' seek only monetary damages and penalties for Mirant's failure to comply

23  with California state law regarding meal and rest breaks. Local 1245's absence from this

24  litigation will not impede that relief at all.  Conversely, without Local 1245 in the lawsuit,

25

26  Mirant can be accorded complete relief if it secures judgment in its favor. Such a judgment

27  would avoid money damages, and would necessarily require a judicial determination that the

28  operation of arena, despite UNLV being signatory to lease pursuant to which operation
    occurred).

1    CBA provides a defense to Plaintiffs' claims – exactly what Mirant *superfluously* seeks in its

2    Counterclaim.

3    This conclusion is confirmed by numerous cases holding that a labor union was not a

4    proper party to litigation by union members challenging an employer's wage payments made

5

6    pursuant to the union's CBA. For example, in *Scott v. City of New York*, 340 F.Supp. 2d 371

7    (S.D. N.Y, 2004), Plaintiffs claimed FLSA violations in their compensation, paid pursuant to t a

8    CBA. The court declined to join as a party the labor unions which negotiated and signed the

9
10   CBA, ruling: "defendants have failed to establish that the Unions are "necessary" under Rule

11   19(a)(1) . . . because Plaintiffs seek only one form of relief – monetary damages. This relief can

12   be afforded absent joinder by the labor unions." *Id.*, 340 F.Supp.2d at 401.

13   Second, Local 1245 does *not* "claim[] an interest relating to the subject of the action and

14   is *[not]* so situated that disposing of the action in [Local 1245's] absence would . . . as a practical

15
     matter impair or impede the [Local 1245's] ability to protect the interest." Specifically, Local
16

17   1245's interest in the subject of this action is to maintain a CBA which complies with state law.

18   If the terms of the Mirant-Local 1245 CBA do not comply with controlling state law, then Local

19   1245 claims no interest in demanding compliance with the CBA in violation of state law.

20   If as a result of this litigation, a court with proper jurisdiction over Plaintiffs' claims finds

21
22   that the CBA conflicts with state law, then Local 1245 will conscientiously attempt to negotiate

23   an amendment to the CBA which complies with state law. Thus, litigating this case in Local

24   1245's absence does *not* "impair or impede [Local 1245's] ability to protect its interest in

25   maintaining a CBA that complies with state law.

26   Finally, Local 1245 is not "so situated that disposing of the action in [Local 1245's]

27
28   absence would . . . leave [Mirant] subject to a substantial risk of incurring double, multiple or

1   otherwise inconsistent obligations because of [Local 1245's] interest." Again, if the Court finds

2   that CBA language pertaining to meal and rest breaks violates state law, Local 1245's interest in

3
    its CBA is to implement the CBA – or revise it, if necessary – consistently with state law. Thus,
4
5   Local 1245 would certainly not seek to enforce against Mirant any CBA provision which has

6   been found to be inconsistent with state law.

7         Indeed, Local 1245 could not seek to do so even if it wanted, as illustrated by a strikingly

8   analogous case where the court *rejected* joinder of a labor union as a party to a lawsuit against an
9
    employer alleging discriminatory wage rates, where a CBA  between the employer and the
10
11  Union allegedly provided for the allegedly discriminatory wages. In *Dunlop v. Beloit College*,

12  411 F.Supp. 398, (W.D. Wis. 1976), the court noted, that -- much like Mirant here:

13          Defendant contends that because the Union participated in the negotiation and contractual
14          establishment of the wage rates which are at issue, the Union is an indispensable party to
            this litigation. . . . Defendant contends that the Union is a necessary party to the lawsuit
15          for these reasons: Disposition of the case in the Union's absence may leave defendant
            subject to a substantial risk of incurring inconsistent obligations, as the Union may
16          institute an action against defendant to enforce the [CBA] and to maintain the allegedly
17          discriminatory wage rate differentials.

18  *Id*, 411 F.Supp. at 398.

19        The court rejected this argument because:

20
            A determination by this court that defendant had been discriminating in its wage rates . . .
21          would require the defendant to adjust the wage rates . . . The defendant's obligation to
            pay the adjusted rate would supersede any obligation which it had under a [CBA] just as
22          a raise in the national minimum wage rate would supersede provisions for lower wages
23          which might exist in [CBAs]. The minimum wage and equal pay provisions of the
            [FLSA] cannot be waived by private agreements between employers and employees or
24          between employers and labor unions. [Citing cases.] . . . Were the Union to bring suit
            against defendant to challenge the payment of higher wages . . . after a judicial
25          determination that defendant was obligated to equalize its wage rates, such a suit would
26          have to be characterized as frivolous. The risk of being a party to a frivolous lawsuit is
            not the "substantial risk" contemplated by Rule 19.
27

28

1  *Id.*, 411 F.Supp. at 401; *accord, Acree v. Tyson Bearing Co.*, 2002 WL 463262, *5 (2002, W.D.
2  Ky); *Forsberg v. Pacific N.W. Bell Telephone Co.*, 622 F.Supp. 1147 F.Supp. 1147, 1150
   (D.Ore., 1985).

3
4      Although the Plaintiffs' claims at issue in *Dunlop* were different than those at issue here,

5  the analysis of the holding is directly on point and controlling. Like the primacy of the FLSA

6  over conflicting CBA provisions, so too are California Labor Codes regarding meal and rest

7  breaks controlling over any conflicting CBA provisions. *See Valles v. Ivy Hill Corp.*, 410 F.3d

8  1071, 1077 (9th Cir. 2005).    Thus, leaving Local 1245 out of this lawsuit would manifestly *not*
9
   expose Mirant to risk of inconsistent or multiple judgments.
10
11      In sum, Local 1245 is not a "necessary" or "indispensable" party to this action subject to

12  compulsory joinder Rule 19.

13                **2. Local 1245 is not a proper party subject to permissive joinder.**

14      Rule 19 allows permissive joinder of third parties as defendants:
15
16      If there is asserted against them jointly, severally, or in the alternative, any right to relief
        in respect of or arising out of the same transaction, occurrence, or series of transactions or
17      occurrences and if any question of law or fact common to all defendants will arise in the
        action.
18
   Fed. R. Civ. Proc. 20.
19
20      Local 1245 is not a proper party for joinder subject to this Rule for the simple reason that

21  the right to relief asserted by Mirant against Local 1245 presents "no question of law or fact

22  common to all defendants." That is because the right to relief asserted against Local 1245 in the

23  Counterclaim asserts no cognizable "question of law or fact" against Local 1245 at all.
24
25      Plaintiffs and Mirant do not dispute what the CBA says or how it is implemented.

26  Plaintiff simply claims that implementing this CBA violates state law regarding meal and rest

27  breaks. Mirant counters by claiming that the CBA provides either waiver or compliance with
28

1    state law on those issues.  Those claims do not assert a question of law or fact against Local 1245

2    at all.

3        Again, Local 1245 has no interest in demanding that the CBA be implemented if doing so

4    would violate state law.  Nor could Local 1245 so demand, in light of the settled rule that state

5    laws requiring meal and rest breaks trump the CBA *if* the CBA is in conflict with those state

6    

7    laws.  *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1077 (9th Cir. 2005).

8        Mirant is trying to drag Local 1245 into this action solely because it is signatory to the

9    CBA which, according to Plaintiffs, authorizes Mirant to violate state meal and rest break

10   requirements, and which according to Mirant complies with those requirements.  That is a

11   

12   dispute between Mirant and Plaintiffs, and the Counterclaim against Local 1245 simply does not

13   assert against Local 1245 "any question of law or fact common to all defendants," as required for

14   permissive joinder under Rule 20.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CONCLUSION**

2

For the reasons stated above, Local 1245 submits that Mirant's Counterclaim against it

3

must be dismissed for lack of jurisdiction. In the alternative, should the Court find that

4

jurisdiction exists, Local 1245 submits that the Counterclaim should be struck as against it

5

because it is not a party subject to permissive or compulsory joinder.

6

Respectfully Submitted,

7

Dated:  January 11, 2008                     LEONARD CARDER, LLP

8

9

By:  /s/ Philip C. Monard

10

PHILIP C. MONRAD
Counsel for Counterclaim Defendant

11

IBEW Local 1245

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28