1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  DAN L. GILDOR (Bar No. 223027)
   42 Miller Avenue, Mill Valley, CA  94941
3  Tel:  (415) 381-5599
   Fax:  (415) 381-5572
4  E-Mail:   jon@chavezgertler.com
                dgildor@chavezgertler.com
5
   LAW OFFICE OF DANIEL B. SIEGEL
6  DANIEL B. SIEGEL (Bar No. 160742)
   2418 Woolsey Street
7  Berkeley, CA  94705
   Tel:  (510) 684-5580
8  Fax:  (510) 540-5840
   E-Mail:   siegeldb@pacbell.net
9
   Attorneys for Plaintiffs and Counter-Defendants,
10 Jerry Mitchell, Eddie Williams, Jr., Edward S. Medina,
   David Walters and the Proposed Plaintiff Class
11
12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                SAN FRANCISCO DIVISION

15 JERRY MITCHELL, EDDIE WILLIAMS,          ) Case No:  C 07-05847 PJH
   JR., EDWARD S. MEDINA, and DAVID         )
16 WALTERS, individually, and on behalf of all ) **PLAINTIFFS' REPLY IN SUPPORT OF**
   others similarly situated,                ) **MOTION TO REMAND AND REQUEST**
17                                           ) **FOR FEES; AND OF MOTION TO**
                    Plaintiffs,              ) **STRIKE OR DISMISS MIRANT**
18                                           ) **CALIFORNIA LLC'S COUNTERCLAIM**
             v.                              )
19                                           ) Date:    February 20, 2008
   MIRANT CALIFORNIA LLC, a Delaware         ) Time:    9:00 a.m.
20 Corporation, and DOES 1 to 50,            ) Place:   Courtroom 3
                                             ) Judge:   The Hon. Phyllis J. Hamilton
21                  Defendants.              ) Complaint Filed:  10/17/07
   _____)
22 MIRANT CALIFORNIA, LLC, a Delaware        ) **E-FILED**
   Limited Liability Company,                )
23                                           )
                 Counter-Claimant,           )
24                                           )
             v.                              )
25                                           )
   JERRY MITCHELL, EDDIE WILLIAMS,           )
26 JR., EDWARD S. MEDINA, DAVID              )
   WALTERS and THE INTERNATIONAL            )
27 BROTHERHOOD OF ELECTRICAL                )
   WORKERS LOCAL 1245,                      )
28                                           )
                 Counter-Defendants.         )

1

## TABLE OF CONTENTS

2

Page(s)

3    I.    INTRODUCTION ..................................................................................................... 1

4    II.    ARGUMENT ........................................................................................................... 2

5    A. Plaintiffs' State Law Claims Are Not Subject to Complete Preemption Under
       Section 301 Because There Is No Need to Interpret the CBA .................................2

6
       1.    Plaintiffs' Claims Are Based on Non-Negotiable Rights .................................2

7
       2.    Mirant Has Failed to Demonstrate that the Allegations in the Complaint Do
8            Anything but Make this a Case About Facts and Not the CBA ........................3

9      3.    Mirant's Assertions that the CBA Must Be Interpreted Arise Solely in the
             Context of Their Affirmative Defenses, Which Cannot Give Rise to
10           Preemption......................................................................................................4

11     4.    The Strained Ambiguities Asserted by Mirant Are Irrelevant to Plaintiffs'
             Claims..............................................................................................................6

12
       5.    Mirant Has Failed to Meet Its Burden of Establishing Federal Jurisdiction...................8

13
       B. Plaintiffs Are Entitled to Attorneys' Fees........................................................9

14
       C. The Court Should Strike or Dismiss Mirant's Counterclaim................................11

15
     III.    CONCLUSION ..................................................................................................... 13

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

Page(s)

2

CASES

3

Associated Builders & Contractors v. Local 302 IBEW
   109 F.3d 1353 (9th Cir. 1997) ............................................................. 1, 8, 9, 12

4

5

Balcorta v. Twentieth Century-Fox Film Corp.
   208 F.3d 1102 (9th Cir. 2000) ................................................................. passim

6

Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.
   407 F. Supp. 2d 1107 (C.D. Cal. 2005) ......................................................... 2, 4, 9

7

8

Burlington N. R.R. Co. v. Crow Tribal Council
   940 F.2d 1239 (9th Cir. 1991) ....................................................................... 12

9

Carpenters S. Cal. Admin. Corp. v. Majestic Housing
   743 F.2d 1341 (9th Cir. 1984) ...................................................................... 1, 8

10

11

Caterpillar, Inc. v. Williams
   482 U.S. 386 (1987) ............................................................................. 1, 4, 6, 8

12

Comite De Apoyo a Los Trabajadores Agricolas v. U.S. Dep't of Labor
   995 F.2d 510 (4th Cir. 1993) ......................................................................... 12

13

14

Cramer v. Consolidated Freightways, Inc.
   255 F.3d 683 (9th Cir. 2001) ..................................................................... 6, 7, 8

15

Fair Housing Council of Suburban Phila. v. Montgomery Newspapers
   141 F.3d 71 (3d Cir. 1998) ............................................................................ 12

16

17

Franchise Tax Bd. v. Constr. Laborers Vacation Trust
   463 U.S. 1 (1983) ........................................................................................ 8

18

Gaus v. Miles, Inc.
   980 F.2d 564 (9th Cir. 1992) ..................................................................... 1, 8, 9

19

20

Gregory v. SCIE, LLC
   317 F.3d 1050 (9th Cir. 2003) ......................................................................... 8

21

Herman Family Revocable Trust v. Teddy Bear
   254 F.3d 802 (9th Cir. 2001) ......................................................................... 11

22

23

Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.
   535 U.S. 826 (2002).................................................................................... 4

24

Howard v. America Online, Inc.
   208 F.3d 741 (9th Cir. 2000) ......................................................................... 11

25

26

Humble v. Boeing Company
   305 F.3d 1004 (9th Cir. 2002) ......................................................................... 9

27

In re Nat'l Lumber & Supply
   184 B.R. 74 (Bankr. 9th Cir. 1995) ................................................................... 5

28

ii

Levy v. Verizon Information Services, Inc.
  498 F. Supp. 2d 586 (E.D.N.Y. 2007) ..................................................... 8

Lingle v. Norge Div. of Magic Chef
  486 U.S. 399 (1988) ............................................................... 2, 3, 8

Livadas v. Bradshaw
  512 U.S. 107 (1994) ............................................................... 1, 8, 9

Lujan v. Defenders of Wildlife
  504 U.S. 555 (1992) ................................................................... 12

Milne Employees Ass'n v. Sun Carriers, Inc.
  960 F.2d 1401 (9th Cir. 1991) ........................................................ 8

Pettrey v. Enter. Title Agency, Inc.
  2006 U.S. Dist. LEXIS 83957 (N.D. Ohio 2006) ....................................... 13

Ramirez v. Fox Television Stations, Inc.
  998 F.2d 743 (9th Cir. 1993) ......................................................... 8

Salveson v. Western States Bankcard Assoc.
  731 F.2d 1423 (9th Cir. 1984) ...................................................... 4, 6

Schilling v. Rogers
  363 U.S. 666 (1960) .................................................................. 11

Spann v. Colonial Vill., Inc.
  899 F.2d 24 (D.C. Cir. 1990) ........................................................ 12

Textron Lycoming Reciprocating Engine Div. v. United Auto.
  523 U.S. 653 (1998) ................................................................. 11

UFCW, Local 1564 v. Albertson's, Inc.
  207 F.3d 1193 (10th Cir. 2000) ...................................................... 11

Valles v. Ivy Hill Corp.
  410 F.3d 1071 (9th Cir. 2005) ................................................... 2, 3, 8

Walker v. City of Lakewood
  272 F.3d 1114 (9th Cir. 2001) ....................................................... 12

Young v. Anthony's Fish Grotto's, Inc.
  830 F.2d 993 (9th Cir. 1987) ......................................................... 8


**STATUTES**

28 U.S.C. § 1367 ....................................................................... 11

28 U.S.C. § 2201 ....................................................................... 12

1

## RULES

2

Fed. R. Civ. P. Rule 8(c)(1) ............................................................................. 4

3

4

## REGULATIONS

5

Wage Order 1-2001, 8 Cal. Code Regs. § 11010 ........................................... 6

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT M. TO REMAND AND TO DISMISS COUNTERCLAIM     Case No. C 07-05847 PJH

1    I.      **INTRODUCTION**

2           In its opposition, Mirant California LLC ("Mirant") never once disputes that it bears the

3    burden of establishing federal jurisdiction to support removal.  Gaus v. Miles, Inc., 980 F.2d 564,

4    567 (9th Cir. 1992); Carpenters S. Cal. Admin. Corp. v. Majestic Housing, 743 F.2d 1341, 1343

5    (9th Cir. 1984).  Yet, it has chosen to oppose Plaintiffs' motion to remand and motion to dismiss

6    without ever attempting to refute the authorities that Plaintiffs cite that mandate that this case be

7    remanded.  Instead, Mirant attempts to conjure up federal jurisdiction by drawing on some

8    supposedly "ambiguous" terms in the CBA that would not need to be interpreted even *if this case*

9    *were about the CBA*.  This case, though, is not about the CBA.[1]  It is about whether Plaintiffs and

10   the Class are receiving state-law mandated "off-duty" meal and rest periods, two specific rights

11   established by California's Labor Code.  As such, this case is a simple one involving solely the

12   factual questions of whether those meal and rest periods were provided.

13          In this connection, the reason Mirant failed to provide meal and rest periods does not

14   matter; at least, not with respect to the present question of whether this Court has jurisdiction.

15   Caterpillar, Inc. v. Williams, 482 U.S. 386, 399 (1987) ("the presence of a federal question, even

16   a § 301 question, in a defensive argument does not overcome the paramount policies embodied

17   in the well-pleaded complaint rule . . . Congress has long since decided that federal defenses do

18   not provide a basis for removal").  Still, Mirant dwells on, and stakes it position on, its defenses.

19          Notably, the only thing that a court must do in this case to resolve the merits of Plaintiffs'

20   and the Class' claims is weigh the evidence (at the appropriate juncture) as to whether meal and

21   rest breaks have been provided.  That does not require any "interpretation" of the CBA.  Even

22   the calculation of damages can be performed without referencing, let alone interpreting, the

23   CBA.  Livadas v. Bradshaw, 512 U.S. 107, 125 (1994) ("the mere need to 'look to' the

24   collective-bargaining agreement for damages computation is no reason to hold the state-law

25   _____

26   [1] Even if it were, the cases uniformly hold that the validity of collective bargaining agreements

27   vis-à-vis non-negotiable state law rights as are involved here is not a matter for federal courts.
     Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1109 (9th Cir. 2000); Associated

28   Builders & Contractors v. Local 302 IBEW, 109 F.3d 1353, 1357 (9th Cir. 1997).

1    claim defeated by § 301" (citing <u>Lingle v. Norge Div. of Magic Chef</u>, 486 U.S. 399, 413 n.12

2    (1988))).

3          As this dispute is wholly about whether Plaintiffs and members of the class have been

4    denied statutorily-mandated "off-duty" meal and rest periods, there is no federal preemption to

5    confer jurisdiction upon this Court.  The existence of a CBA does not create a § 301 issue any

6    more than any other employment agreement would create a federal question.  The CBA is plainly

7    superfluous and irrelevant to this Court's preemption analysis.  As there is no basis for federal

8    preemption, this case should be remanded and the Court should award Plaintiffs their reasonable

9    fees and costs associated with the remand.

10          Furthermore, the Court should dismiss or strike Mirant's redundant counterclaim against

11    Plaintiffs as Mirant has also failed to meet its burden to sustain the counterclaim against

12    Plaintiffs' arguments that the Court does not have jurisdiction over the counterclaim and that the

13    counterclaim fails to state a claim.

14   **II.    <u>ARGUMENT</u>**

15         **A.    Plaintiffs' State Law Claims Are Not Subject to Complete Preemption Under
16              Section 301 Because There Is No Need to Interpret the CBA**

17              *1.    <u>Plaintiffs' Claims Are Based on Non-Negotiable Rights</u>*

18          As detailed in Plaintiffs' opening brief, the statutorily-mandated state-law meal and rest

19    period rights at issue here are *non-negotiable*, so there is no need to interpret the CBA.  <u>Balcorta</u>

20    <u>v. Twentieth Century-Fox Film Corp</u>, 208 F.3d 1102, 1111 (9th Cir. 2000).  As stated in <u>Valles</u>

21    <u>v. Ivy Hill Corp.</u> 410 F.3d 1071 (9th Cir. 2005), "[w]e need not, indeed may not, construe that

22    Ivy Hill collective bargaining agreement in order to consider whether a waiver exists [in the form

23    of the CBA] because any provision of the collective bargaining agreement purporting to waive

24    the right to meal periods would be of no force or effect."  410 F.3d at 1082.  The CBA here is

25    just as superfluous to Plaintiffs' claims as to those of the plaintiffs in <u>Valles</u>.  <u>See id.</u>; <u>see also</u>

26    <u>Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.</u>, 407 F. Supp. 2d 1107, 1112 (C.D. Cal.

27    2005) (missed meal and rest period claims do not require CBA interpretation and are not

28    preempted).

1    Here, Mirant does not contest that the state meal and rest period rights at issue are non-

2  negotiable. Rather Mirant relies on one line of dicta in the <u>Valles</u> case spanning pages 1081-82

3  that quotes dicta in a footnote from another case, <u>Lingle v. Norge Division of Magic Chef, Inc.</u>,

4  486 U.S. 399 (1988). That dicta merely mentions that a non-negotiable state right does not

5  necessarily mean that CBA interpretation is never required to such an extent that preemption

6  could result, but rather that it is "conceivable" that a situation could arise where a CBA could

7  still require interpretation. <u>Lingle</u>, 486 U.S. at 407 n.7. But even if, hypothetically, a state law

8  violation might possibly hinge on the interpretation of a CBA, that is not the case here where the

9  CBA could be interpreted any which way and it would not alter the sole basis for Plaintiffs'

10  claims—that they have not been getting the required "off-duty" meal and rest periods. Indeed,

11  the courts in both <u>Lingle</u> and <u>Valles</u> remanded, as should the Court here.

12              2.      *<u>Mirant Has Failed to Demonstrate that the Allegations in the Complaint
13                       Do Anything but Make this a Case About Facts and Not the CBA</u>*

14    In its drive to create some materiality of the CBA to Plaintiffs' claims, Mirant

15  recharacterizes Plaintiffs' entire complaint to suit its purposes. For example, Mirant asserts that

16  Plaintiffs do not "try to claim that Mirant employees actually miss meal and rest breaks." (Def.'s

17  Opp'n at 8.) Mirant must have missed paragraphs 1, 12, 13, 14, 18, 19, 21, 22, 23, 26, 28, 37,

18  38, 48, 54, 62, and 71 in the complaint that make evident that Plaintiffs' *entire case* is premised

19  on the fact that Class members miss their statutorily-mandated meal and rest periods because the

20  supposed breaks are all "on-duty." Specifically, the complaint alleges that Plaintiffs and the

21  putative Class

22          were required [by Mirant] to remain at their stations, continue to monitor alarms
            and equipment, and otherwise continue most of their work and responsibilities
23          during any brief periods when they could eat some food.

24  (Compl., ¶ 19.) Similarly, the complaint alleges that

25          MIRANT has failed to provide Plaintiffs and the Class with rest periods in which
            they were relieved of all duty for 10 minutes. . . . Instead, plaintiffs and the Class
26          have taken virtually no breaks, let alone required breaks of 10 minutes at one
            time, as they have been required to continue monitoring alarms and equipment at
27          all times (other than a few minutes to use the rest room).

28

1    (Id., ¶ 23.)  This factual reality, which will be supported by Class member testimony, is what is

2    at issue in this case, not anything the CBA may have to say regarding meal and rest periods.

3              *3.      Mirant's Assertions that the CBA Must Be Interpreted Arise Solely in the
                        Context of Their Affirmative Defenses, Which Cannot Give Rise to
4                       Preemption*

5              Mirant's whole argument that the CBA must be interpreted in order to adjudicate

6    Plaintiffs' claims is based on the allegation that Plaintiffs, through their union, waived the

7    statutorily-required meal and rest periods.  According to Mirant, the CBA "*must be interpreted*"

8    because (1) the requirements of an exemption provided by state law are met by the CBA and (2)

9    Mirant and the union agreed in the CBA to waive the second meal period for certain employees

10   as permitted by California law.  (Def.'s Opp'n at 8 (emphasis in original).)  These grounds for

11   avoiding liability for the missed meal and rest periods, though, are affirmative defenses.  Mirant

12   is not free to deem these defenses elements of Plaintiffs' claims.  Clearly, waiver is an

13   affirmative defense.  Fed. R. Civ. P. Rule 8(c)(1).  As such, it is irrelevant to this Court's

14   preemption analysis.[2]  Caterpillar, 482 U.S. at 399 ("the presence of a federal question, even a

15   § 301 question, in a defensive argument does not overcome the paramount policies embodied in

16   the well-pleaded complaint rule . . . Congress has long since decided that federal defenses do not

17   provide a basis for removal").  Indeed, the alleged waiver of the second meal period is not only

18   irrelevant to the Court's preemption analysis, it is also irrelevant to establishing Mirant's overall

19   liability in this case given that Plaintiffs, in their complaint, only seek damages for one meal

20   period per day.  (See Compl., ¶ 38.)  It should not be surprising, then, that Plaintiffs did not raise

21   this issue in their motion to remand.[3]

22

23   _____

     [2] The alleged waiver is not even brought up in Mirant's Notice of Removal, appearing for the
24   first time only in Mirant's counterclaim.  Mirant's counterclaim, however, is just as irrelevant to
     establishing jurisdiction as the defense of waiver is generally.  Holmes Group, Inc. v. Vornado
25   Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002); see also Salveson v. Western States
     Bankcard Assoc., 731 F.2d 1423, 1426 (9th Cir. 1984)  (removability determined solely from the
26   complaint and the removal notice).

27   [3] Even if the waiver is somehow relevant, it is not clear what "interpretation" needs to occur "to
     determine whether an agreement *exists* between Mirant and the Union that waives the second
28   meal period" for certain employees.  (Def.'s Opp'n at 12 (emphasis added).)  See Bonilla, 407 F.

1    Likewise, Mirant's assertion of the "necessity" exemption is also an affirmative defense,

2    and therefore cannot confer jurisdiction upon this Court. This exemption, which provides that

3    "on-duty" meal periods may be allowed when the nature of the work prevents an employee from

4    being relieved of all duty, see Wage Order 1-2001(11)(A), raises matters entirely extraneous to

5    Plaintiffs' *prima facie* case. The necessity defense is a classic affirmative defense; an attempt to

6    negate Plaintiffs' right of recovery even if the allegations in the complaint prove true. In re Nat'l

7    Lumber & Supply, 184 B.R. 74, 77-78 (Bankr. 9th Cir. 1995) (exceptions that do not negate an

8    element of the *prima facie* case but raise matters extraneous to *prima facie* case are affirmative

9    defenses). Indeed, Mirant pled the necessity of on-duty meal periods as its Ninth Affirmative

10   Defense. It cannot now claim that negating the necessity defense is somehow "an essential

11   element" of Plaintiffs' case-in-chief, when clearly it is part of Mirant's defense.

12   Furthermore, Mirant makes factual admissions in its opposition that defeat application of

13   the necessity defense in the present case. The central requirement for the necessity defense is

14   that "the nature of the work prevents the employee from being relieved of all duty." Wage Order

15   1-2001(11)(A). This is an objective standard that requires *inter alia* that other employees are not

16   available to relieve the employee during the meal period. DLSE Opinion Letter of Sept. 4, 2002

17   (attached as Ex. 5 to the Gertler Decl.). Yet Mirant states that there is never a time that a Class

18   Member cannot be relieved by other employees and that there are few times that they even would

19   need to be relieved. (Def.'s Opp'n at 4-5; Battles Decl. ¶¶ 9, 11, 12.) This assertion not only

20   demonstrates that the necessity defense does not apply in the present case, it also demonstrates

21   how necessity will be decided on the facts as they exist at the plants and not through

22

23

24   Supp. 2d at 1112 (waiver of meal period requires only reference to CBA, "which does not trigger

25   Section 301 preemption"). Here, Mirant presents the hearsay testimony of Hunter Stern, the
     Union's Business Representative, who states quite clearly that "it's always been our

26   understanding that we waived the second meal period." (Battles Decl., ¶ 16.) What possible

27   "interpretation" by a federal court this statement requires is not clear. Overall, then, there is
     nothing regarding the alleged existence of a waiver of the second meal period that triggers this

28   Court's jurisdiction.

1    interpretation of any CBA terms.[4]  Accordingly, there is no need to interpret the CBA in the

2    present case.

3          Overall, then, the law is clear and controlling:  all of Mirant's proffered reasons why the

4    CBA might need to be interpreted arise solely in the context of affirmative defenses and

5    therefore fail to establish any basis for removal.  Caterpillar, 482 U.S. at 399; accord Cramer v.

6    Consolidated Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (a defense does not trigger

7    301 preemption); Balcorta, 208 F.3d at 1106 (same).

8          4.    *The Strained Ambiguities Asserted by Mirant Are Irrelevant to Plaintiffs'*
9                *Claims*

10          In its Opposition, Mirant selects various words and phrases from the CBA and posits that

11    they are ambiguous and require interpretation.  Preliminarily, the only phrase Mirant contended

12    in its Notice of Removal to be ambiguous—and therefore required interpretation—was "shift

13    employee."  (See Notice of Removal, ¶¶ 19-21.)  Yet in its opposition, Mirant expands its

14    argument for removal beyond the noticed basis by belatedly finding new ambiguities that it

15    purports require interpretation.  This tactic, however, is not permitted under the law as

16    removability must solely be determined from the complaint and the notice of removal, not an

17    opposition to a motion to remand.  Salveson v. Western States Bankcard Assoc., 731 F.2d 1423,

18    1426 (9th Cir. 1984) .

19          Moreover, the terms that Mirant argues require interpretation in this case are all

20    superfluous to Plaintiffs' claims.  For instance, Mirant now asserts that the statement in section

21    16.5 of the CBA that meal periods are "time worked" actually means the time is "duty free."

22    (Def.'s Opp'n at 3, 9.)  Aside from the fact that such an interpretation requires one to ascribe

23

24    _____

25    [4] Even if the necessity defense could be considered by the Court, it would require reference, and
      not interpretation, of the CBA in terms of the additional requirements that the "on-duty" meal
26    period be agreed to in writing and that the writing state that the employees have the unilateral
      right to revoke the agreement at any time.  Wage Order 1-2001(11)(A), 8 Cal. Code Regs.
27    § 11010(11)(A).  Establishing whether these requirements are met only requires reference to the
      CBA.  See also infra note 5.
28

1    words their opposite meanings,[5] Plaintiffs' causes of action require no reference to any

2    contractually-created meaning of the phrase "time worked."  Plaintiffs' alleged in the complaint

3    that they were "required to remain at their stations, continue to monitor alarms and equipment,

4    and otherwise continue most of their work and responsibilities during any brief periods when

5    they could eat some food."  (Compl., ¶ 19.)  The proof of these claims—primarily testimony—is

6    the only prerequisite to satisfying Plaintiffs' burden at trial.

7            Similarly, Mirant claims that the requirement in section 16.7 of the CBA that an

8    employee's rest periods be taken "at his or her workstation" really means that employees can

9    take breaks "anywhere in the plant."  (Def.'s Opp'n at 4, 12; Battles Decl., ¶ 18.)  Although

10   demonstrating Mirant's creativity, what "workstation" means in the CBA does not matter vis-à-

11   vis Plaintiffs' complaint.  There, Plaintiffs alleged that "MIRANT has failed to provide

12   Plaintiffs and the Class with rest periods in which they were relieved of all duty for 10

13   minutes," that "Plaintiffs and the Class have taken virtually no breaks, let alone required

14   breaks of 10 minutes at one time, as they have been required to continue monitoring alarms

15   and equipment at all times (other than a few minutes to use the rest room)," and that "[n]o

16   break room has been provided for use by Plaintiffs and the Class."  (Compl., ¶ 23.)  Nowhere do

17   Plaintiffs even mention "workstation" outside of quoting what the CBA says regarding rest

18   periods.  The same is true regarding meal breaks.[6]

19           Nor does the term "shift employees" need to be interpreted to resolve the claims of the

20   putative class.  The complaint defines the Class as power plant technicians, excluding

21   _____

22   [5] The absurdity of Mirant's "interpretations" is manifest throughout their entire brief, but
     climaxes in their discussion of the need to interpret whether CBA section 24.1 grants employees
23   the *unilateral* right to revoke the agreement to "on-duty" meal periods at any time.  Section 24.1
     states that "the Company and Union may *mutually* agree to amend or add to any provision of this
24   Agreement during its term . . . ."  (CBA, § 21.4 (emphasis added).)  Mirant's assertion that
     "mutual" really means "unilateral" is simply incomprehensible and fails to rise to the level of
25   credibility necessary to preempt Plaintiffs' claims.  Cramer, 255 F.3d at 692.

26   [6] Mirant now claims that while section 16.5 of the CBA requires that meal periods "be taken at
     the work station," the phrase "work station" as to meal periods actually means "the entire plant."
27   (Def.'s Opp'n at 4, 9; Battles Decl., ¶¶ 11, 18.)  This assertion is plainly absurd and fails to rise
28   to the level of credibility necessary to preempt Plaintiffs' claims.  Cramer, 255 F.3d at 692.

1  maintenance employees, that worked 12+ hour shifts and who were denied statutorily-mandated

2  meal and rest periods.  (Compl., ¶¶ 12, 15, 19, 21, 48.)  It does not matter, then, how the CBA

3  defines "shift employee" because the putative class has not been defined by incorporating any

4  term of art from the CBA.[7]  Further, Mirant now agrees with Plaintiffs' assertion that "shift

5  employees" are in fact employees who work 12 hour shifts, so there is no disagreement let alone

6  ambiguity as to the meaning of this term.  (Def.'s Opp'n at 2; Pls.' Opening Br. at 7-8.)

7           *5.    Mirant Has Failed to Meet Its Burden of Establishing Federal Jurisdiction*

8           In light of the above discussion, it is clear that Mirant has failed utterly to satisfy its

9  burden of establishing federal jurisdiction.  Gaus, 980 F.2d at 567; Carpenters S. Cal. Admin.

10  Corp, 743 F.2d at 1343.  In fact, Mirant has failed to even fairly confront the authority that

11  compels a remand in this case.  For instance, of the eleven cases upon which Mirant relies

12  involving decisions whether or not to remand based on preemption, *seven* of them granted

13  remand and six were relied upon by Plaintiffs in their opening brief because the facts were

14  indistinguishable from the present case.[8]  (Pls.' Opening Br. at 5-18.)  Of the four cases Mirant

15  cites that did find preemption, Atchely and Firestone were distinguished by Plaintiffs in their

16  Motion to Remand without response by Mirant, and Young and Levy are distinguishable because

17  they both involve classic cases of preemption where CBAs were being enforced.  Young v.

18  Anthony's Fish Grotto's, Inc., 830 F.2d 993 (9th Cir. 1987); Levy v. Verizon Information

19  Services, Inc., 498 F. Supp. 2d 586 (E.D.N.Y. 2007).  Indeed, as Plaintiffs note in their opening

20  brief, not one of the cases Mirant cited in the Notice of Removal supports removal in this case.

---

22  [7] Even if the class had been described in CBA vernacular, at most, a court would only be
23  required to "look at," "consider," "refer to," or "apply" these terms, none of which requires
    preemption.  Livadas, 512 U.S. at 123-26 (1994); Associated Builders, 109 F.3d at 1357;
24  Ramirez v. Fox Television Stations, Inc., 998 F.2d 743, 748-49 (9th Cir. 1993); Milne
    Employees Ass'n v. Sun Carriers, Inc., 960 F.2d 1401, 1409-10 (9th Cir. 1991); see also Gregory
25  v. SCIE, LLC, 317 F.3d 1050, 1053 (9th Cir. 2003).

26  [8] Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399 (1988); Caterpillar Inc. v.
    Williams, 482 U.S. 386 (1987); Valles v. Ivy Hill Corp., 410 F.3d 1071 (9th Cir. 2005); Cramer
27  v. Consolidated Freightways Inc., 255 F.3d 683 (9th Cir. 2001); Balcorta, 208 F.3d 1102 (9th
    Cir. 2000); Associated Builders, 109 F.3d 1353 (9th Cir. 1997).  Plaintiffs did not cite to
28  Franchise Tax Board v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983).

REPLY IN SUPPORT M. TO REMAND AND TO DISMISS COUNTERCLAIM        Case No. C 07-05847 PJH

1    (Pls.' Opening Br. at 9-11.)  Still, Mirant has chosen not to defend against  Plaintiffs' analysis.

2    Mirant also has failed to respond to the detailed discussion in Plaintiffs' opening brief of five

3    leading cases similar to this one, all of which were remanded.  (Id. at 8-9.)  Mirant simply

4    ignores four of the cases;[9] and it misstates the fifth, Balcorta, 208 F.3d 1102.  All that Mirant

5    says regarding Balcorta is that the case "is inapplicable because there was no need to even refer

6    to the CBA in that case to determine when the wages were due."  (Def.'s Opp'n at 13.)  In fact,

7    the court found that it was necessary "to read and apply these [CBA] provisions . . . but no

8    interpretation of the provisions would be necessary."  Balcorta, 208 F.3d at 1109-10.

9         Indeed, Balcorta specifically applies in the present circumstances given the fact that the

10   Ninth Circuit there considered language much more subject to ambiguity than that used in

11   Plaintiffs' complaint, such as what constitutes "discharge."  In that case, the court in remanding

12   held that "[a]lthough the [CBA] provisions do detail fairly complicated procedures and contain a

13   hefty dose of industry jargon, their meaning is neither uncertain nor ambiguous [such that] no

14   interpretation of the provisions would be necessary."  Balcorta, 208 F.3d at 1109-10.  Overall,

15   Mirant's failure to offer any analysis of case law to support removal, to challenge Plaintiffs'

16   analysis of that case law, or to respond to Plaintiffs' distinguishing of cases cited in the Notice of

17   Removal is telling.  Mirant has failed to meet its burden and the Court should remand the case to

18   San Francisco County Superior Court.  Gaus, 980 F.2d at 567.

19        **B.    Plaintiffs Are Entitled to Attorneys' Fees**

20        As stated in Plaintiffs' opening brief, 28 U.S.C. section 1447(c) provides that upon

21   remand, the Court "may require payment of just costs and any actual expenses, including

22   attorney fees, incurred as a result of the removal," and that such an award is appropriate where

23   there is no *objectively* reasonable basis for Mirant having sought removal.  (Pls.' Opening Br. at

24   13-14.)  Mirant's motives and subjective beliefs, therefore, are irrelevant.  (Cf. Def.'s Opp'n at

25

26   _____

     [9] The four cases are Livadas v. Bradshaw, 512 U.S. 107 (1994); Humble v. Boeing Company,
27   305 F.3d 1004 (9th Cir. 2002); Associated Builders & Contractors v. Local 302 IBEW, 109 F.3d
     1353 (9th Cir. 1997); Bonilla v. Starwood Hotels & Resorts Worldwide, Inc., 407 F. Supp. 2d
28   1107 (C.D. Cal. 2005).

REPLY IN SUPPORT M. TO REMAND AND TO DISMISS COUNTERCLAIM        Case No. C 07-05847 PJH

1    15 ("Mirant removed the case… because it *believes* the case must be decided under the federal

2    common law" (emphasis added)).)  Rather, what is relevant is whether the case law can be fairly

3    read to support the legal argument that removal is proper in this case.  As the discussion above

4    indicates, it does not.  (See, supra pp. 2-9.)  Fees are especially appropriate here in light Mirant's

5    failure, as described above, to offer analysis of case law to support removal, to challenge

6    Plaintiffs' case analysis, or to respond to Plaintiffs' distinguishing of cases cited in the Notice of

7    Removal.[10]  Accordingly, it is clear that there is no objective basis for removal in this case.  An

8    award of fees, therefore, is appropriate.

9         As to the amount of the award, Plaintiffs have submitted contemporaneous time records

10   to support their request and have exercised good-faith billing judgment to exclude any excessive,

11   redundant, or otherwise unnecessary hours.  Here, Plaintiffs have only sought an award for the

12   time spent on the motion to remand and request for fees.  No time was billed regarding the

13   motion to dismiss or other matters.  The outcome of the motion is clearly of great importance to

14   this case such that the motion could not be taken lightly.

15        The only objections that Mirant musters are that the amount of time—95.1 hours—is

16   "outrageous" and that the division of labor between attorneys was unreasonable.[11]  In the present

17   context, though, taking 95.1 hours to thoroughly research an area of law and then drafting a

18   lengthy and potentially dispositive motion regarding the court's jurisdiction, with supporting

19   documents, is hardly outrageous.  Moreover, Mirant cannot complain that Plaintiffs' division of

20   labor is unreasonable when the contemporaneous time records demonstrate that the two attorneys

21   / / /

22   / / /

23   —————————————————

24   [10] Fees are also warranted in light of Mirant's reliance on incredulous claims of ambiguity of
     CBA terms that are not susceptible to Mirant's contorted "interpretations."

25

26   [11] Mirant alternatively requests that it be allowed "to fully brief the 'reasonableness'" of
     Plaintiffs' fee request without providing the Court any reason why Mirant could not adequately
     have done so in the five pages of their opposition that Mirant chose not to use.  The fact that

27   Mirant "believes that such an analysis is unnecessary" is beside the point.  Mirant has waived

28   any further objection and the Court should deny Mirant's request for additional briefing.

10

1    involved, Mr. Siegel and Mr. Gildor, worked on entirely distinct aspects of the motion.

2    Accordingly, the Court should find that the award of fees is reasonable.[12]

3        **C.    The Court Should Strike or Dismiss Mirant's Counterclaim**

4          As it was prone to do in opposing the motion to remand, Mirant misstates and ignores the

5    law in opposing the motion to dismiss as well by advancing the unsupported proposition that the

6    Court has jurisdiction over the counterclaim's solitary declaratory relief cause of action because

7    the counterclaim is compulsory.  (Def.'s Opp'n at 18.)  Mirant ignores the rule that in order to

8    have supplemental jurisdiction over the counterclaim, by the very terms of 28 U.S.C. § 1367(a),

9    the Court must first have original jurisdiction over Plaintiffs' complaint.  <u>Herman Family</u>

10   <u>Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001).  Furthermore, as stated in

11   Plaintiffs' opening brief, the Court does not have original jurisdiction over the counterclaim

12   because the Declaratory Relief Act itself does not confer jurisdiction, <u>Schilling v. Rogers</u>, 363

13   U.S. 666, 677 (1960); <u>Howard v. America Online, Inc.</u>, 208 F.3d 741, 754 (9th Cir. 2000), *and*

14   the Supreme Court has stated that there is no federal jurisdiction over an action for declaratory

15   relief that does not involve an actual breach of a collective bargaining agreement.  <u>Textron</u>

16   <u>Lycoming Reciprocating Engine Div. v. United Auto.</u>, 523 U.S. 653, 658 (1998); <u>accord</u> <u>UFCW,</u>

17   <u>Local 1564 v. Albertson's, Inc.</u>, 207 F.3d 1193, 1196-97 (10th Cir. 2000).  Mirant simply

18   disregards this authority that defeats its counterclaim for declaratory relief.[13]  Mirant even goes

19   so far as to assert that this Court has jurisdiction over the counterclaim because if Mirant "were

20   to bring this claim in state court, it would be preempted by Section 301."  (Def.'s Opp'n at 19.)

21   _____

22   [12] Mirant requests that the Court reduce Plaintiffs' hourly rates without producing any evidence
     that those rates are unreasonable.  Plaintiffs, on the other hand, submitted sworn declarations

23   establishing the basis for those hourly rates, which are commensurate with Bay Area rates for
     attorneys with similar experience.  Accordingly, the Court should find that Plaintiffs' hourly

24   rates are reasonable as well.

25   [13] Contrary to its assertion, the cases Mirant cites do not support the proposition that this Court
     can exercise jurisdiction over the counterclaim where Mirant simply seeks a declaration of the

26   CBA's validity absent a violation of the CBA.  Moreover, all of those cases predate the Supreme
     Court's decision in <u>Textron</u> that jurisdiction over a declaratory relief cause of action does not

27   exist absent a violation of an agreement.  Mirant's cases, therefore, are hardly controlling if at all

28   persuasive.

REPLY IN SUPPORT M. TO REMAND AND TO DISMISS COUNTERCLAIM    Case No. C 07-05847 PJH

1   That is patently untrue given that the "controversy" asserted by Mirant in its counterclaim

2   concerns the legality of the CBA in relation to state law, a "controversy" that the Ninth Circuit

3   has plainly held does not trigger federal court jurisdiction.  Associated Builders, 109 F.3d at

4   1357; Balcorta, 208 F.3d at 1109-10.  As there is no jurisdiction over Mirant's counterclaim, it

5   should be dismissed.

6          In the alternative, the Court should dismiss the counterclaim for want of standing and

7   failure to state a claim.  As the Ninth Circuit has said, "[t]o allege an actual controversy within

8   federal court jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 . . . [a]

9   complaint must have alleged facts showing standing and ripeness."  Burlington N. R.R. Co. v.

10  Crow Tribal Council, 940 F.2d 1239, 1243 (9th Cir. 1991).  To have standing, Mirant must

11  allege injury-in-fact, causation, and redressability.  Lujan v. Defenders of Wildlife, 504 U.S. 555,

12  560-61 (1992).  As set forth in Plaintiffs' opening brief, however, Mirant has not adequately

13  alleged its standing.  First, Mirant has not alleged any injury in fact like an impending labor

14  strike or any economic loss.  In this connection, economic loss suffered as a consequence of

15  Plaintiffs' lawsuit is not enough.  See Walker v. City of Lakewood, 272 F.3d 1114, 1124 (9th

16  Cir. 2001); accord Spann v. Colonial Vill., Inc., 899 F.2d 24, 27 (D.C. Cir. 1990); Fair Housing

17  Council of Suburban Phila. v. Montgomery Newspapers, 141 F.3d 71, 80 (3d Cir. 1998) ("The

18  pursuit of litigation alone cannot constitute an injury sufficient to establish standing under

19  Article III.").  Second, Mirant has not prayed for any further specific relief aside from a

20  declaration of its rights in order to satisfy the "redressability" prong.  (See Counterclaim at 5

21  (single prayer for "an order declaring . . . the CBA and the agreement regarding waiver of second

22  meal periods were and are enforceable and not inconsistent with or in violation of any California

23  statute or administrative regulation").  By itself,

> a declaratory judgment cannot be the redress that satisfies the third standing
> prong.  Rather, plaintiffs must identify some further concrete relief that will likely
> result from the declaratory judgment.

26  Comite De Apoyo a Los Trabajadores Agricolas v. U.S. Dep't of Labor, 995 F.2d 510, 513 (4th

27  Cir. 1993).  Accordingly, Mirant has failed to sufficiently allege injury-in-fact or redressability in

28

---

12

1   order to have standing to bring the counterclaim.  The counterclaim, therefore, should be

2   dismissed.[14]

3          Lastly, the Court should strike the counterclaim as it is merely redundant of Plaintiffs'

4   own declaratory relief cause of action.  Nothing in Mirant's opposition changes that.  In fact, that

5   opposition merely highlights the redundancy between the two causes of action.  According to

6   Mirant, "Plaintiffs are seeking a declaration that the law has been violated while Defendant is

7   instead seeking a declaration that specific provisions of the CBA are valid and enforceable."

8   (Def.'s Opp'n at 16.)  In other words, Plaintiffs are claiming that Mirant's employment practices

9   are unlawful while Mirant is claiming that they are not.  Either way, resolution of one claim

10  necessarily resolves the other, demonstrating that the counterclaim is redundant and should be

11  stricken (or dismissed).  The cases cited by Mirant are either inapposite or not persuasive.

12  Indeed, they are *exactly* the same cases rejected by the court in Pettrey v. Enter. Title Agency,

13  Inc., 2006 U.S. Dist. LEXIS 83957 (N.D. Ohio 2006).  In that case, the court found that "there is

14  a complete identity of factual and legal issues" and had "no doubt whatsoever that Defendants'

15  declaratory judgment counterclaims will be rendered moot by the adjudication of Plaintiffs [sic]

16  claims."  2006 U.S. Dist. LEXIS 83957, at *9.  Upon analyzing the cases, the court granted the

17  motion to dismiss the counterclaim.  Id. 10-11.  Likewise, here, the Court should dismiss the

18  counterclaim as no useful purpose would be served by retaining it.

19  **III.    CONCLUSION**

20         For the reasons stated above and in Plaintiffs' opening brief, the Court should grant

21  Plaintiffs' motion to remand and award Plaintiffs their fees and costs associated with the remand.

22  Additionally, the court should dismiss Mirant's counterclaim.

23  / / /

24  / / /

25  / / /

26  _____

27  [14] Mirant has not addressed Plaintiffs' argument that Mirant has failed to state a claim—at least

28  with respect to Plaintiffs—because the alleged controversy is not supported by the complaint as
    cited by Mirant in the counterclaim.  That argument, therefore, should be deemed admitted.

13

1    Dated:  February 6, 2008                    CHAVEZ & GERTLER LLP

2                                                LAW OFFICES OF DANIEL B. SIEGEL

3

4                                                By  _____/s/_____
                                                    JONATHAN E. GERTLER
5                                                   Attorneys of record for Plaintiffs
                                                    JERRY MITCHELL, EDDIE WILLIAMS, JR.,
6                                                   EDWARD S. MEDINA, and DAVID
                                                    WALTERS
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT M. TO REMAND AND TO DISMISS COUNTERCLAIM        Case No. C 07-05847 PJH