United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY MITCHELL, et al.,

        Plaintiffs,

       v.

MIRANT CALIFORNIA, LLC,

        Defendant.

_____/

No. C 07-05847 PJH

**ORDER GRANTING MOTION TO REMAND AND GRANTING MOTION TO DISMISS COUNTERCLAIM**

       On February 20, 2008, the court heard argument in plaintiffs' motion to remand and motion for attorney's fees; in the motion of plaintiffs and counterdefendants Jerry Mitchell, Eddie Williams, Jr., Edward S. Medina, and David Walters to strike or dismiss the counterclaim; and in the motion of counterdefendant International Brotherhood of Electrical Workers Local 1245 ("Local 1245") to dismiss the counterclaim.  Plaintiffs appeared by their counsel Daniel B. Siegel and Dan L. Gildor; Local 1245 appeared by its counsel Philip C. Monrad; and defendant appeared by its counsel Margaret Hart Edwards and Kimberly L. Owens.

       Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to remand, DENIES the motion for fees, and GRANTS the motions to dismiss the counterclaims as follows and for the reasons stated at the hearing.

## BACKGROUND

The named plaintiffs in this proposed class action are four individuals who work for defendant Mirant California, LLC ("Mirant"), a company that operates power plants and sells electricity. Plaintiffs are power plant operators seeking to represent a class of more than 80 individuals.

Plaintiffs filed the original complaint in San Francisco Superior Court on October 17, 2007, alleging three causes of action under the California Labor Code (failure to provide meal periods, failure to provide rest periods, and recovery of waiting time penalties), a claim under Business & Professions Code § 17200, and a claim for declaratory relief.

Mirant removed the action on November 19, 2007, alleging federal question jurisdiction. Mirant claims that plaintiffs' claims arise under § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. Under § 301, federal law exclusively governs suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987).

Specifically, Mirant asserts that plaintiffs' claims directly reference and require substantial interpretation of a disputed term of a collective bargaining agreement ("CBA") between Mirant and the International Brotherhood of Electrical Workers, Local 1245 ("Local 1245"), and that the action is therefore preempted by § 301.

On November 28, 2007, Mirant filed a counterclaim against the named plaintiffs and Local 1245, asserting a single cause of action for declaratory relief, which seeks an interpretation of the provisions in the CBA that govern meal and rest periods, and an agreement regarding "on duty" meal periods.

On January 11, 2008, Local 1245 filed a motion to dismiss Mirant's counterclaim for lack of jurisdiction and for failure to join an indispensable party. On January 14, 2008, plaintiffs filed a motion to remand and a request for fees, and also filed a motion to dismiss the counterclaim as redundant of plaintiff's claim for declaratory relief, for lack of jurisdiction, and for failure to state a claim. All these motions are now before the court.

**DISCUSSION**

A.  Motion to Remand and Motion for Attorney's Fees

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c).

The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). There is a "strong presumption" against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Plaintiffs argue that the case must be remanded because there is no § 301 preemption, and thus, no federal question. They also seek fees incurred in connection with their motion to remand.

"Federal question" cases are those cases "arising under the constitution, laws, or treaties of the United States." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, 482 U.S. at 392.

This rule makes the plaintiff the master of his complaint, and allows him to avoid federal jurisdiction by relying exclusively on state law. Thus, a case may not be removed to federal court on the basis of a federal defense, including a claim of preemption, even if the defense is anticipated in the complaint. Franchise Tax Bd. of State of Calif. v. Construction Laborers Vacation Trust for Southern Calif., 463 U.S. 1, 14 (1983).

There also exists a corollary to the "well-pleaded complaint" rule – the "complete

3

preemption doctrine" – under which the preemptive force of some statutes is so strong that they "completely preempt" an area of state law. Metropolitan Life Ins., 481 U.S. at 65. In such a case, a claim based on that preempted state law is considered, from its inception, a federal claim, and therefore "arises under" federal law. Franchise Tax Bd., 463 U.S. at 24.

The "complete preemption" exception to the "well-pleaded complaint" rule is applied primarily under § 301 of the LMRA. Section 301 provides that

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in the Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Although § 301 is limited to "[s]uits for violation of contracts," courts have concluded that in order to support § 301's policies of promoting arbitration and the uniform interpretation of collective bargaining agreements, § 301 "complete preemption" must be construed to cover most state-law actions that require "interpretation of labor agreements." Associated Builders & Contractors, Inc. v. Local 302 Int'l Bhd. of Elec. Workers, 109 F.3d 1353, 1356 (9th Cir. 1997).

However, not every claim that requires a court to refer to the language of a collective bargaining agreement is necessarily preempted. Id. at 1357. If the right asserted by the plaintiff exists independently of the CBA, the court must consider whether it is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Caterpillar, 482 U.S. at 394 (citation and quotation omitted). To determine whether a state law claim is "substantially dependent" on the terms of a CBA, the court must decide whether the claim can be resolved by "look[ing] to" the CBA, as opposed to interpreting it. Livadas v. Bradshaw, 512 U.S. 107, 123-26 (1994). If the claim does not require interpreting the CBA, it is not preempted.

Here, the court finds that while resolution of plaintiffs' claims – the determination whether Mirant has denied plaintiffs and the proposed class members meal and rest breaks in violation of California law – may require the court to look at the provisions of the CBA, it will not require any substantial interpretation of the CBA. Accordingly, the court finds there

is no complete preemption, and that the motion to remand must be GRANTED, based on lack of subject matter jurisdiction.

Plaintiffs also argue that they are entitled to attorney's fees under 28 U.S.C. § 1447, which provides, in part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

There is no automatic entitlement to an attorney's fee award on remand, and no presumption in favor of – or against – granting fees and costs. Martin v. Franklin Capital Corp., 546 U.S. 132, 137 (2005). The key factor is the propriety of the removal. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Id. at 136.

Here, the court finds that the removal was not entirely objectively unreasonable. In particular, the court finds that the inclusion in the complaint of the allegations regarding the CBA likely contributed to Mirant's view of plaintiff's claims as requiring some construction or interpretation of the CBA. Accordingly, the court finds that the motion for fees must be DENIED.

B.    Motions to Dismiss Counterclaim

Both plaintiffs and Local 1245 have moved to dismiss the counterclaim. In its notice of removal, Mirant asserted that removal

> is based on a claim arising under federal law. Specifically, [p]laintiffs' claims directly reference and require substantial interpretation of a disputed term of a collective bargaining agreement ("CBA") between an Employer and a Union. Therefore, the action is preempted by Section 301 of the LMRA, 29 U.S.C. § 185.

Notice of Removal ¶ 7.

In the counterclaim, Mirant alleged that the court has supplemental jurisdiction of the counterclaim under 28 U.S.C. § 1367(a) "because it arises out of the same transaction or occurrence that is the subject matter of" the complaint;" and that the court has original jurisdiction of the counterclaim under § 301 of the LMRA "because this counterclaim seeks interpretation of the [CBA] between Mirant and . . . Local 1245" and "requests a declaratory

5

judgment as to rights and obligations under the CBA." Counterclaim ¶¶ 1, 2.

In order to exercise supplemental jurisdiction over a counterclaim, the court must first have original jurisdiction over the complaint. Herman Family Rev. Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). In view of the finding that the case was improperly removed because there is no § 301 preemption and therefore no federal question jurisdiction, the court cannot exercise supplemental jurisdiction over the counterclaim. Thus, the only question is whether the court has original jurisdiction over the counterclaim.

There are two independent reasons that the court does not have original federal subject-matter jurisdiction over Mirant's counterclaim. First, a counterclaim cannot serve as the basis for original federal question subject matter jurisdiction. Second, Mirant's claim for declaratory relief regarding the CBA does not create federal question jurisdiction under LMRA § 301.

1.      Counterclaim cannot create original federal question jurisdiction

If the complaint fails to state a claim "arising under" federal law, the fact that the counterclaim asserts such a claim does not give the court subject matter jurisdiction over the action. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-31 (2002).

In Holmes, a household fan manufacturer (Holmes) filed suit in federal court seeking a declaratory judgment that its products did not infringe the trade dress of a competitor (Vornado). Vornado's answer asserted a compulsory counterclaim alleging patent infringement. The district court granted the declaratory judgment, and the Tenth Circuit affirmed. Vornado appealed to the Federal Circuit, which remanded the case for further consideration in light of a Supreme Court decision issued after the district court had ruled.

The Supreme Court granted certiorari to consider whether the Federal Circuit had properly asserted jurisdiction over the appeal. The Federal Circuit had exercised jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (jurisdiction over appeal from final decision of district court if jurisdiction of that court was based on 28 U.S.C. § 1338 – actions relating to patents). The Supreme Court held that the "well-pleaded complaint" rule, which provides

6

that whether a case "arises under" federal law, must be determined from the plaintiff's statement of his own claim in the complaint. Holmes, 535 U.S. at 830-31.

The Court concluded that because the question whether a case arises under federal patent law cannot depend on the answer to the complaint, "[i]t follows that a counterclaim – which appears as part of a defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." Id. at 831.

Although the Holmes case involved the narrower question of a challenge to the Federal Circuit's exercise of jurisdiction over a patent infringement counterclaim, the general rule articulated by the Court can be extended to this case. In particular, the Court noted that the "well-pleaded complaint" rule "has long governed whether a case 'arises under' federal law for purposes of § 1331," and then noted that the "well-pleaded complaint" rule had "appropriately" been adapted to § 1338(a). Id. at 830 (quotation and citation omitted).

The Court added that "'[l]inguistic consistency' requires us to apply the same test to determine whether a case arises under § 1338(a) as under § 1331." Id. It was because Vornado's well-pleaded complaint did not assert any claim arising under federal patent law that the Court concluded that the Federal Circuit had erred in asserting jurisdiction over the appeal. Id.

2.  Counterclaim does not state federal question claim under LMRA § 301

The counterclaim is brought under the Declaratory Judgment Act, which provides, in part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Thus, the party seeking declaratory relief must show the existence of an actual controversy regarding subject matter within federal court jurisdiction.

In the counterclaim, Mirant alleges that "[a]n actual controversy has arisen between [p]laintiffs and IBEW Local 1245, on the one hand, and Mirant, on the other hand." Counterclaim ¶ 21. Mirant asserts that "[t]he parties dispute the validity of a contract and

7

dispute the meaning of terms of a contract," and that "[d]eclaratory relief is also required to determine Mirant's rights and obligations with respect to the claims asserted by [p]laintiffs in their Complaint." Id.

Mirant claims that "[t]he parties dispute the interpretation of [§§ 16.5 and 16.7 of the CBA and the agreement regarding waiver of second meal periods] and thus require an interpretation of the CBA and other agreements between the parties, and a determination as to their respective rights and obligations with respect thereto." Id. ¶ 22. Mirant seeks a judicial declaration " that Sections 16.5 and 16.7 of the CBA and the agreement regarding waiver of second meal periods were and are enforceable and not inconsistent with or in violation of any California statute or administrative regulations." Id., Prayer for Relief, ¶ 1.

The Declaratory Judgment Act creates a federal remedy; it does not provide an independent basis for federal jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Before declaratory relief can be granted, federal subject matter jurisdiction requirements must be satisfied. Id. Thus, actions for declaratory relief must either be between parties of diverse citizenship, or "arise under" federal law. 28 U.S.C. §§ 1331, 1332.

In declaratory relief actions, whether a question "arises under" federal law is determined by the nature of the underlying coercive claim – that is, the claim that the declaratory judgment defendant may conceivably assert against the declaratory judgment plaintiff. As the Supreme Court has noted, "Federal courts have regularly taken jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." Franchise Tax Bd., 463 U.S. at 19.

If, on the other hand, the underlying coercive claim does not "arise under" federal law, there is no federal question jurisdiction over the declaratory judgment cause of action. Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1090 (9th Cir. 2002). Moreover, if the federal claim would arise only as a defense to a state-law cause of action, there is no federal jurisdiction. Franchise Tax Bd., 463 U.S. at 16.

8

1    As indicated above, Mirant argues that the basis for original jurisdiction is § 301 of
2 the LMRA. "By its terms, [§ 301] confers federal subject-matter jurisdiction only over
3 "[s]uits for violation of contracts." Textron Lycoming Reciprocating Engine Div., AVCO
4 Corp. v. United Auto., Aerospace, and Agr. Implement Workers of America, 523 U.S. 653,
5 656 (1998). "'Suits for violation of contracts' under § 301 are not suits that claim a contract
6 is invalid, but suits that claim that a contract has been violated." Id. at 658.

7    In Textron, the union sought a declaratory judgment that its CBA with the employer
8 (Textron) was invalid, after Textron announced that it would subcontract out a substantial
9 volume of work, causing half the members of the union to lose their jobs. The union
10 asserted that Textron had fraudulently induced it to sign the agreement by concealing its
11 plans to subcontract work. The union did not allege, however, that Textron had ever
12 violated the terms of the CBA. The Supreme Court concluded that because the complaint
13 alleged no violation of the CBA, "neither we nor the federal courts below have subject
14 matter jurisdiction over this case under § 301(a) of the [LMRA]." Id. at 661-62.

15    The Court explained further that "[t]his does not mean that a federal court can never
16 adjudicate the validity of a contract under § 301." Id. at 657. For example, if, in a suit
17 alleging that the defendant violated the CBA, the defendant interposes as an affirmative
18 defense the allegation that the contract was invalid, or if a declaratory-judgment plaintiff
19 accused of violating a CBA asks the court to declare the agreement invalid, the federal
20 court can adjudicate the question of the contract's validity. "But in these cases, the federal
21 court's power to adjudicate the contract's validity is ancillary to, and not independent of, its
22 power to adjudicate "[s]uits for violation of contracts." Id. at 658.

23    Here, neither the plaintiffs' claims in the complaint, nor the declaratory judgment
24 counterclaim, nor the "threatened coercive action" (the plaintiffs' state law claims) can be
25 viewed as a claim that the CBA was violated by either Mirant or Local 1245. The court also
26 notes that Mirant did not allege federal question jurisdiction under 28 U.S.C. § 1331, but
27 only under LMRA § 301. Specific jurisdictional provisions such as § 301 are grants of
28 jurisdiction over cases in which the claimant is pressing a particular federal cause of action

– in the case of § 301, it is a suit for violation of a contract between an employer and a labor organization.

## CONCLUSION

In accordance with the foregoing, the court GRANTS the motion to remand, DENIES the motion for attorney's fees, and GRANTS the motions to dismiss for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: February 21, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge